367 So.2d 1106 (1979)
Jimmie Lee CRUMMIE, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1086.
District Court of Appeal of Florida, Third District.
February 27, 1979.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and James H. Greason, Asst. Atty. Gen., for appellee.
*1107 Before HAVERFIELD, C.J., and PEARSON and BARKDULL, JJ.
PER CURIAM.
Defendant, Jimmie Lee Crummie, appeals his conviction for possession of heroin and cocaine based upon a plea of nolo contendere tendered after the trial court denied his motion to suppress on the ground of unlawful detention. The pertinent facts are as follows:
Officer Estrada of the Miami Police Department was on routine patrol when at approximately 1:30 A.M. he observed the defendant, Jimmie Crummie, with two other black males on mopeds traveling northbound on S.W. 17th Avenue. Since numerous robberies and burglaries had been committed in the neighborhood by three black males described as riding mopeds, Officer Estrada continued to observe Crummie and his companions during which time he saw them run a red light. Thereupon, he followed and stopped them. Officer Estrada proceeded to run a routine check on Crummie and his companions and then observed a shiny object on Crummie's left leg. Concerned for his safety, Officer Estrada began to pat down Crummie, and the contraband (cocaine and heroin) was discovered on his person.
The trial judge denied the motion to suppress because Officer Estrada testified at the suppression hearing that he stopped Crummie and his companions because of the reports of recent robberies and burglaries committed by three young black males on mopeds.
As at the suppression hearing, defendant Crummie argues that the above ground was insufficient to support a reasonable suspicion that he was engaged in criminal activity and to permit an investigatory stop.
We need not determine this issue of the existence of a reasonable suspicion because Officer Estrada observed Crummie and his companions run a red light and, therefore, pursuant to Section 901.15(5), Florida Statutes (1977) he lawfully stopped them. See also Sections 316.001 et seq. Florida Statutes (1977). Any other intentions of Officer Estrada toward Crummie and his companions would not invalidate the lawful investigatory stop as a result of the traffic violation.
Affirmed.