HERSEY, Judge.
The record implicates appellant in two robberies. Separate incriminating statements were given by him as to each robbery. This is an appeal from the denial of a motion to suppress statements made as to one of those robberies. Because of the grounds upon which we reverse, it is not necessary to consider the possible interrelationships between either the substantive or the procedural aspects of the two crimes, except those specifically mentioned here.
Appellant was advised of his Miranda rights at the time of his arrest. Subsequently, at the police station, Miranda rights were again reviewed and appellant and two detectives initialed a “rights” card.
During the course of interrogation concerning the latter of the two robberies the following colloquy between appellant and a detective occurred:
Q If you cannot afford an attorney, one will be appointed for you free of charge, do you understand?
A Yeah.
Q If you decide to answer my questions now you can stop answering any time you want, do you understand?
A Yes.
Q Do you fully understand each of your rights.
A Yes, I do.
Q Do you wish to answer questions at this time?
A Well, I want to ask a question first.
Q Okay.
A Uh, is I want an attorney. Could I have one now?
Q Not right this minute, no. That means the court will appoint you an attorney at a later date.
A Oh. Might be a week from now, two?
Q Possibly, yes.
A Okay.
No significant discussion concerning appellant’s rights took place between the time of this exchange and appellant’s interrogation later the same day by another detective concerning the earlier robbery. The incriminating statements made during this second interview were the subject of the motion to suppress, denial of which occasioned the present appeal.
We interpret the conversation quoted earlier as a request that counsel be present before any questioning take place. But even if the language be construed as a question as to timing, the response given by the detective was at least misleading.
In either event we would be compelled to conclude that appellant’s constitutional rights had not been sufficiently protected. The mandate of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) is clear:
If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning: If the individual cannot obtain an attorney and he indicates that he wants one before speaking to police, they must respect his decision to remain silent.
We have previously held that questioning cannot continue after assertion by an accused of his or her right to counsel. Wakeman v. State, 281 So.2d 61 (Fla. 4th DCA 1970). The prohibition applies where the assertion is made by indirection or suggestion, as well as in the case of direct, positive assertion. Singleton v. State, 344 So.2d 911 (Fla. 3d DCA 1977).
For these reasons we reverse the conviction and remand for new trial with instructions that the motion to suppress be granted.
BERANEK, J., and SCHWARTZ, ALAN R., Associate Judge, concur.