403 So.2d 1017 (1981)
Charles Henry MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 80-951.
District Court of Appeal of Florida, Fifth District.
July 22, 1981.
Rehearing Denied September 1, 1981.
*1018 James B. Gibson, Public Defender and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appealing from a conviction by a jury of robbery with a firearm, appellant contends that the trial court erred in denying his motion to suppress the identification testimony of one of the witnesses and in denying the motion to suppress his confession. We affirm.
No error is demonstrated in the denial of the motion to suppress the identification testimony by the manager and clerk of the restaurant where the robbery took place. The clerk phoned a description of the culprits and the escape vehicle to the police. The auto was stopped about thirty minutes later after a chase in which shots were fired at the police officers. The restaurant manager was brought to the place where the car had been stopped where he identified the two occupants as the robbers.
Appellant says that bringing the manager of the restaurant to the place where the car was stopped and where he identified two suspects who were then in police custody was so inherently suggestive as to taint the identification testimony and render it inadmissible. Appellant misinterprets the rule. One-man "show-up" identifications are not in themselves impermissibly suggestive such that a tainted in-court identification may be presumed; rather, the essential question is whether the prior identification was so suggestive that the witness' own recollection is questionable, thereby creating a substantial likelihood of misidentification.[1]
Considering the prior description given the police, the ample opportunity to observe the culprits, the short time which elapsed, the degree of attention and the firm testimony of the witness, the totality of the circumstances makes the identification appear reliable. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); U.S. v. Osborne, 630 F.2d 374 (5th Cir.1980), cert. denied, 450 U.S. 934, 101 S.Ct. 1398, 67 L.Ed.2d 369 (1981).
Appellant says that his confession to the police officer should be suppressed because the officer knew that appellant was represented by an attorney under a separate and distinct charge, that in the other case his attorney had stated that appellant would make no statement, so the officer should not have questioned him about the instant *1019 crime when his attorney was not present. Appellant urges us to adopt the New York rule that once a defendant invokes the right to counsel, he may not be questioned even as to matters unrelated to the charge for which he is represented;[2] and that this "indelible" right to counsel requires that no legal effect be given to any waiver of rights made outside the presence of counsel once the right of counsel has been invoked.[3]
Florida has rejected New York's "indelible" right by specifically holding that the decision to have a lawyer is not irrevocable and that a statement voluntarily given to law enforcement officers after a defendant has been fully informed of his rights, waives the protection afforded by Miranda. Jackson v. State, 359 So.2d 1190 (Fla. 1978), cert. denied, 439 U.S. 1102, 99 S.Ct. 881, 59 L.Ed.2d 63 (1979). A request for counsel for an unrelated charge does not require that interrogation cease if adequate Miranda warnings have been given. Stone v. State, 378 So.2d 765, 769 (Fla. 1979), cert. denied, 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed.2d 250 (1980).[4] In the light of these cases, we hold that the knowledge of a police officer that a defendant is represented by counsel in a completely unrelated charge does not preclude the questioning of the defendant about the charge at hand where the defendant has intelligently and knowingly waived his right to counsel and has made a voluntary statement to the police. Here, defendant asked to speak to the investigator, was advised of his rights, and gave the statement in question. When the investigator attempted to also question him about the earlier incident, defendant said he would rather talk to his attorney before talking about that one, but he willingly discussed the incident involved here. Defendant's statements about this crime were thus voluntary and made with full knowledge of his right to counsel, and were properly admitted in evidence.
The judgment of conviction is AFFIRMED.
FRANK D. UPCHURCH and COWART, JJ., concur.
NOTES
[1] Neil v. Biggers, 409 U.S. 188, 201, 93 S.Ct. 375, 383, 34 L.Ed.2d 401 (1972). The criteria for making this determination include:

(1) opportunity of the witness to view the criminal at the time of the crime;
(2) the witness' degree of attention;
(3) the witness' prior description of the criminal;
(4) the level of certainty displayed by the witness;
(5) the length of time between the crime and the identification.
"Against these factors is to be weighed the corrupting effect of the suggestive identification itself." Manson v. Brathwaite, 432 U.S. at 114, 97 S.Ct. at 2253.
[2] People v. Rogers, 48 N.Y.2d 167, 422 N.Y.S.2d 18, 397 N.E.2d 709 (C.A. 1979).
[3] People v. Cunningham, 49 N.Y.2d 203, 424 N.Y.S.2d 421, 400 N.E.2d 360 (C.A. 1980).
[4] The right to waive counsel once requested has been limited by the U.S. Supreme Court in Edwards v. State of Arizona, ___ U.S. ___, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), to circumstances where the accused voluntarily initiates the conversation, and to that extent the decisions of Jackson and Stone may now be limited. However, in the case before us the totality of the circumstances makes it clear that defendant did not request counsel in this case; that he was aware of his right to counsel; and that he initiated the conversation by asking to speak to the investigator whom he knew.