HOBSON, Judge.
The State of Florida appeals orders granting appellee’s motions to suppress evidence and to suppress confession or admissions. We reverse.
The record shows, and the trial court was aware that the deputies had probable cause to arrest appellee’s passenger and search appellee’s van. The issue before us is whether, after discovering a small change purse in the floor of the passenger compartment, the deputies were required to obtain a search warrant in order to open the purse and examine its contents. The trial court held that “the better procedure would have been the lesser intrusion of seizing [the change purse] and then obtaining a warrant.”
Under the facts of this case, the Supreme Court decision in New York v. Belton, - U.S. -, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) is controlling.[1] The Belton court held:
... [W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.
It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment.
101 S.Ct. at 2864.
The trial court granted appellee’s motion to suppress confession or admissions based on its decision that the evidence was illegally seized.
We reverse the orders granting the motions to suppress evidence and to suppress confession or admissions. This cause is remanded to the trial court for further proceedings not inconsistent with this opinion.
SCHEB, A. C. J., and SCHOONOVER, J., concur.

. We note that the trial court did not have the benefit of the Belton opinion when it granted appellee’s motion.