423 So.2d 944 (1982)
The STATE of Florida, Appellant,
v.
Julio VALDES, a/K/a Julio Valdez, Appellee.
No. 82-398.
District Court of Appeal of Florida, Third District.
November 23, 1982.
Rehearing Denied January 12, 1983.
Jim Smith, Atty. Gen., and Penny H. Hershoff, Asst. Atty. Gen., for appellant.
John M. MacDaniel, Miami, for appellee.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
This is the State's appeal from a trial court order suppressing a firearm seized from Valdes's automobile. The defendant was lawfully arrested for driving under the influence of an intoxicating liquor. He was removed from his vehicle, searched and placed in the back seat of the nearby police cruiser, and the passenger compartment of his vehicle searched. Two or three minutes elapsed from the time the vehicle was stopped to the time the firearm was found therein.
We reverse the order under review upon a holding that (1) the search of the passenger compartment of the vehicle, and the examination of the contents of any containers found therein, were justified as contemporaneous incidents of the lawful custodial arrest of the defendant, a recent occupant of the vehicle, notwithstanding the defendant's removal therefrom, New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); State v. Allen, 407 So.2d 369 (Fla. 2d DCA 1981); Chapas v. State, 404 So.2d 1102 (Fla. 2d DCA 1981); and (2) contrary to the trial court's belief, the validity of the search as incident to the arrest is unaffected by the fact that the police officers classified their actions as an inventory search, cf. Thomas v. State, 395 So.2d 280 (Fla. 3d DCA 1981) (where, by objective standards, probable cause to arrest for a certain offense exists, the validity of an arrest does not turn on the fact that an arguably unsupportable arrest was made on another charge).
Reversed and remanded.