425 So.2d 644 (1983)
The STATE of Florida, Appellant,
v.
Israel Martin PADRON, Appellee.
No. 81-2287.
District Court of Appeal of Florida, Third District.
January 25, 1983.
Jim Smith, Atty. Gen., and John Robenalt, Lima, Ohio, and Penny H. Hershoff, Miami, for appellant.
Bennett Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, for appellee.
Before BARKDULL, HUBBART and JORGENSON, JJ.
*645 JORGENSON, Judge.
The State of Florida appeals from the trial court's orders granting the defendant's motion to suppress physical evidence and the defendant's motion to suppress statements. For the reasons which follow, we affirm in part and reverse in part.
The essential facts are not in dispute. Israel Padron concedes that he was validly stopped for a traffic infraction and, thereafter, arrested for failure to produce his motor vehicle registration and driver's license.[1] Padron spoke only Spanish. The arresting officer had only a limited knowledge of Spanish. Following his arrest, the interior compartment of Padron's vehicle was searched, including the contents of a black cloth suitcase located behind the driver's seat. Inside the suitcase were five plastic bags containing marijuana and a Mac-10 submachine gun, together with a silencer, magazine and cartridges. Thereafter, Padron was transported to the Coral Gables police station and given his Miranda warnings by a Spanish-speaking officer. Padron indicated that he did not wish to give a statement without an attorney being present. The Coral Gables officers terminated their questioning of the defendant at that time.
Officers of the Coral Gables police department then contacted the Metro Dade police department to see if anyone at that agency wished to speak to the defendant. The county police authorities indicated that they did wish to talk to Padron about the firearms violation and certain other crimes, and he was subsequently transported to Metro Dade police headquarters where a Coral Gables officer advised the county officers that the defendant, Padron, had invoked his sixth amendment right-to-counsel privilege. Notwithstanding these advices, the county officers re-advised Padron of his Miranda rights, after which he made certain oral and written statements.
The state first argues that the trial court erred in granting the motion to suppress the physical evidence. We agree and consequently reverse that order. We have recently considered this issue in a case with strikingly similar facts. See State v. Valdes, 423 So.2d 944 (Fla. 3d DCA 1982). Relying on New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), Judge Daniel Pearson, speaking for the court in Valdes, held that "the validity of the search as incident to the arrest is unaffected by the fact that the police officers classified their actions as an inventory search." Valdes, 423 So.2d at 944. See also United States v. Ross, ___ U.S. ___, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Savoie v. State, 422 So.2d 308 (Fla. 1982).
The trial court correctly granted Padron's motion to suppress statements. See Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The state's reliance on Michigan v. Moseley, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), is misplaced. Moseley does not deal with the sixth amendment right-to-counsel. Stone v. State, 378 So.2d 765 (Fla. 1979), cert. denied, 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed.2d 250 (1980), and Tuff v. State, 408 So.2d 724 (Fla. 1st DCA), petition for review denied, 413 So.2d 877 (Fla. 1982), are equally inapposite. Once a defendant invokes his right to counsel, further custodial interrogation is prohibited. Edwards, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378; Miranda, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; Harris v. State, 396 So.2d 1180 (Fla. 4th DCA 1981). See also United States v. Hinckley, 672 F.2d 115 (D.C. Cir.1982).
For the reasons previously advanced, the order granting the motion to suppress physical evidence is reversed, the order granting the motion to suppress statements is affirmed, and this cause is remanded for further proceedings consistent with the views expressed herein.
Affirmed in part, reversed in part and remanded for further proceedings.
NOTES
[1] There is no issue with respect to the validity of the arrest.