LEHAN, Judge.
The state appeals the trial court’s order granting defendant Joan Barth’s motion to suppress. We reverse.
On October 9,1982, defendant was identified as the driver of a vehicle which had been involved in a minor traffic accident and had fled the scene. Shortly thereafter, the police officer who investigated the accident observed defendant driving her car in reverse down the highway. When he stopped her, he noticed that she appeared to be intoxicated. After defendant failed a field sobriety test, she was placed under arrest for DUI and placed in the officer’s patrol car. The officer then returned to defendant’s car and retrieved defendant’s purse and other portable effects from the car.
At the police station, defendant asked for her purse so she could take some medication. At that time defendant’s purse was searched and inventoried pursuant to routine police procedure. A .22 caliber fully loaded Derringer was found, and defendant was placed under arrest for carrying a concealed firearm.
Subsequently, defendant filed a motion to suppress the revolver on the grounds of an unreasonable search and seizure. At the suppression hearing, the trial court granted defendant’s motion.
Of the general recognized exceptions to the requirement that a search be conducted with a warrant, two exceptions are especially applicable here. One concerns a search incident to a lawful arrest. State v. Valdes, 423 So.2d 944 (Fla. 3d DCA 1982); State v. Padron, 425 So.2d 644 (Fla. 3d DCA 1983); State v. Allen, 407 So.2d 369 (Fla. 2d DCA 1981); see also Jenkins v. State, 426 So.2d 1305 (Fla. 2d DCA 1983). The arrest in this case was lawful. The second exception concerns an inventory search conducted in accordance with standard police procedure. See State v. Forbes, 419 So.2d 782 (Fla. 2d DCA 1982). The search in this case was pursuant to such procedure.
We find that under the facts of this case and the principles expressed in the foregoing authorities, the trial court erred in granting defendant’s motion to suppress.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
HOBSON, A.C.J., and CAMPBELL, J., concur.