GLICKSTEIN, Judge,
dissenting:
All of us on the bench, even this conscientious trial judge, can occasionally make a ruling when we might do better first to take a walk around the block. Here, the record reflects that the trial judge had spent a frustrating week in which numerous witnesses under subpoena had failed to appear. In this case the police officer did not appear until after the trial judge had made up his mind — which decision I believe is directly tied to the late arriving officer. The record further establishes that the decision was made before the prosecutor’s argument — which was solid and should have been determinative.
The question before the trial court was whether the search and seizure were lawful. In my mind they were.
Recently, the Third District Court of Appeal was faced with a motion to suppress evidence in State v. Valdes, 423 So.2d 944 (Fla. 3d DCA 1982). In Valdes, as in this case, there was a stop made to a car, and a valid arrest, after which the car was searched. The Valdes court made no mention of any movement that could be interpreted as furtive, so obviously did not rely on protection of the officer. In reversing the motion to suppress, the Valdes opinion expressed two important holdings. The first was that the search was justified as an incident of lawful arrest of the defendant, who had been a recent occupant of the vehicle, and it did not matter that the defendant was removed from the vehicle and would thus be no threat to the officer. The second was that the “validity of the search as incident to the arrest is unaffected by the fact that the police officers classified their actions as an inventory search.”
In so holding, our companion court expressly relied on New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). In the Belton decision, the court set out guidelines as follows:
Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger com *299 partment of that automobile. [Footnote omitted.]
Id. at 460, 101 S.Ct. at 2864, 69 L.Ed.2d at 775. Further explaining its decision, the Court said:
“The authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect. A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification.” [Quoting United States v. Robinson, 414 U.S. 218, 235, 94 S.Ct. 467, 477, 38 L.Ed.2d 427, 440-41 (1973).]
453 U.S. at 461, 101 S.Ct. at 2864, 69 L.Ed.2d at 775-76.
It is important to note here that in Bel-ton, Valdes, and in the current case, the search was pursuant to a lawful arrest. This point is the one upon which Hochstetler v. State, 400 So.2d 974 (Fla. 4th DCA 1981), petition for review denied, 413 So.2d 876 (Fla.1982), departs from this appeal. The dissent by Judge Anstead in Hochstetler expressed concern that the court had impermissibly extended the limited search allowed in a stop and frisk situation. Stop and frisk, of course, applies only where there has been no valid arrest. Thus the courts are more protective of the reasonableness of the search. It makes more sense in a stop situation where there is insufficient cause for arrest for courts to permit searches only in limited circumstances, such as where the suspect moves toward a possible weapon. Where, however, the search is contemporaneous with an arrest, Belton expressly sanctions search of the passenger compartment of the car.
The PCA in this Case approves an incorrect decision made in an unfortunate circumstance, rather than reversing it with an opinion.