447 So.2d 428 (1984)
Eugene Kreis LUMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 83-330.
District Court of Appeal of Florida, Fifth District.
March 22, 1984.
*429 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Luman appeals from a final judgment that adjudicated him guilty of dealing in stolen property in violation of section 812.019(1), Florida Statutes (1981).[1] The issue on appeal[2] is whether the trial court erred in failing to suppress Luman's confession which was given after he had invoked his right to counsel but before he was provided with an attorney. We think Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), require a reversal.
Luman was arrested for the theft of a Volkswagen. Deputies McDonald and Pruitt read the Miranda rights to him. Luman said he did not want to talk and he was taken to the Marion County Jail.
At some point thereafter Luman asked to be furnished with counsel. Pruitt noted this request in the arrest affidavit. While Luman was in the office, McDonald told him they found a gun in the car, wrapped in a greasy towel. Pruitt told him that if he cooperated with them and told them the truth about the theft of the car, McDonald would be lenient regarding the gun charges. Luman then made an incriminating statement.
Afterwards Luman asked McDonald if there really was a gun. McDonald laughed and said no. McDonald and the other deputies admitted the gun ploy was a trick used to get Luman to talk. The trial court correctly ruled that this statement was not admissible.
While Luman was in the process of giving his statement regarding the Volkswagen, Deputies McQuaig and McWilliams entered the room. Immediately thereafter they began asking Luman about the theft of equipment and property from a horse farm, which culminated in the criminal charge filed in this case. They read him his Miranda rights, and he made the confession involved in this case. At no time during either interrogation was counsel offered to Luman. The trial court ruled that this second statement was given voluntarily and constituted a knowing and intelligent waiver of Luman's fifth and sixth amendment rights.
Had the second interrogation involved the first criminal investigation, it is clear that the second statement would not have been admissible under these facts. In Edwards, an accused invoked his right to counsel. The authorities ceased questioning *430 him and he was put in jail. The next morning the investigators returned. Edwards told the jailor he did not want to see them. Again he was read his Miranda rights. This time he confessed to the crime.
The trial court ruled Edwards' confession was admissible: it stated without explanation that Edwards' statement was voluntary. The Supreme Court ruled, as a matter of law, that Edwards' confession was not admissible because there was an insufficient showing of waiver. The Court held that if an accused asks for counsel during custodial interrogation, a valid waiver of his sixth amendment rights cannot be established by the mere showing that the accused responded to further police initiated custodial interrogation, even if he was first given Miranda warnings.
We further hold that an accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversation with the police.
Edwards, 451 U.S. at 484-485, 101 S.Ct. at 1885.
In Edwards, the interrogation concerned the same criminal investigation for which the accused was arrested. Should this fact make any difference since in this case the continued interrogation concerned a different crime than the one for which Luman was arrested and initially interrogated? Two of our sister courts have held that an accused's statements should be suppressed in this context.
In Harris v. State, 396 So.2d 1180 (Fla. 4th DCA 1981), an accused was arrested on robbery charges and advised of his Miranda rights. He asked for an attorney, but was told one could not be appointed for a number of days. The questioning stopped, but later the same day he was asked about a different robbery than the one for which he was first interrogated. He made an incriminating statement which he sought to have suppressed. The court held that Harris' constitutional rights had not been sufficiently safeguarded. However, in Harris, the accused was not reread the Miranda rights before the interrogation commenced anew concerning the other robbery.
In State v. Padron, 425 So.2d 644 (Fla. 3d DCA 1983), the state appealed a trial court's order which suppressed statements made by a criminal accused in a fact situation substantially indistinguishable from the present case. The court ruled that even though Padron was reread his Miranda rights before interrogation (initiated by the police) resumed concerning a crime for which he had not then been arrested, that as a matter of law his statements made at that time should be suppressed, pursuant to Edwards and Miranda.
One of the cases disposed of by the United States Supreme Court in Miranda, involved a case like this one: Westover v. United States.[3] Westover was arrested for a state crime, and was interrogated without any Miranda warnings being given. Immediately after the city police finished, he was questioned by the F.B.I. concerning federal crimes. The F.B.I. agents read him Miranda warnings prior to their questioning, but the Court held that under these circumstances no intelligent waiver of constitutional rights could be assumed.
Thus, in obtaining a confession from Westover the federal authorities were the beneficiaries of the pressure applied by the local in-custody interrogation. In these circumstances the giving of warnings alone was not sufficient to protect the privilege.
Miranda, 384 U.S. at 496-97, 86 S.Ct. at 1639.
At three different places in Miranda the Court says that if an accused asks for an attorney during custodial interrogation, the questioning must stop, and he cannot be questioned further until he has consulted with an attorney, and then only if he later consents to be questioned. If this procedure *431 is not observed, the Court said, any statements taken "cannot be other than the product of compulsion, subtle or otherwise." (Emphasis supplied). Miranda, 384 U.S. at 474, 86 S.Ct. at 1628.
[A] valid waiver will not be presumed simply taken from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained.
Miranda, 384 U.S. at 475, 86 S.Ct. at 1628.
"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver. (Emphasis supplied)."
Miranda, 384 U.S. at 475, 86 S.Ct. at 1628.
"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver. (Emphasis supplied)."
Miranda, 384 U.S. at 475, 86 S.Ct. at 1628 (quoting Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962)).
Because the record does not show Luman waived his right to consult counsel, having invoked his fifth and sixth amendment rights, the statement made before he was offered counsel must be suppressed. Edwards; Miranda. Accordingly, the judgment is reversed and the case is remanded for new trial.
REVERSED AND REMANDED.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree, punishable as provided in ss. 775.082, 775.083, and 775.084.
§ 812.019(1), Fla. Stat. (1981).
[2] Luman also argues that the trial judge should have instructed the jury on grand theft because it was a necessarily included lesser offense of the crime with which he was charged, and was only one step removed from it. We do not think grand theft is a necessarily lesser included offense of the managing and trafficking in stolen property offense set forth in section 812.019 because the elements of the two crimes are different.
[3] Westover v. United States, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).