449 So.2d 811 (1984)
Israel Martin PADRON, Petitioner,
v.
STATE of Florida, Respondent.
No. 63305.
Supreme Court of Florida.
April 26, 1984.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for petitioner.
Jim Smith, Atty. Gen., and Penny H. Brill, Asst. Atty. Gen., Miami, for respondent.
BOYD, Justice.
This cause is before the Court on petition for review of the decision of the district court of appeal in State v. Padron, 425 So.2d 644 (Fla. 3d DCA 1983). We granted review on the jurisdictional ground of conflict of decisions. Art. V, § 3(b)(3), Fla. Const.
A police officer stopped petitioner Israel Padron after noticing that the vehicle inspection certificate on the car Padron was driving had expired. Upon being stopped, *812 Padron got out of the car and stood beside it. The officer soon learned that Padron did not speak English, but only Spanish. The officer had only a limited knowledge of Spanish, so he asked Padron for his "licensia" and his "registracion." Padron could produce no such documents, so the officer arrested him. He handcuffed Padron and placed him securely in the rear seat of his police car.
Then the officer communicated with his headquarters, seeking the assistance of a Spanish-speaking officer. He was told that there was no Spanish-speaking officer available to render assistance at that time. Unable to consult Padron about his preferences regarding the removal of the car, which was standing in a traffic lane, from the roadway, the officer decided to impound the vehicle. He called for a tow truck and began to examine the interior of the car, making an inventory of the items found. Under one of the seats the officer found a cloth or leather bag. When the officer grasped the bag to remove it from the car, he felt something inside it which he believed was a firearm. Opening the bag, the officer found a disassembled sub-machinegun, along with a magazine, silencer, and ammunition, and five plastic bags of marijuana.
Padron was subsequently charged by information with numerous offenses, several of which were based on his possession of the machinegun and marijuana.[1] He filed a motion to exclude these physical items from evidence on the ground that they were obtained by means of an illegal search. The trial judge granted the motion, finding that the arresting officer had failed to follow legal requirements governing the impoundment and inventory search of vehicles as set forth in Miller v. State, 403 So.2d 1307 (Fla. 1981). The trial judge also expressed the view that he did not believe the search could be justified as a search incident to arrest.[2] The state appealed the suppression of the physical evidence.[3]
On appeal, the district court reversed, holding that the warrantless search of the car petitioner was operating was a reasonable search incident to arrest.[4] The district court reasoned that "the validity of the search as incident to the arrest is unaffected by the fact that the police officers classified their actions as an inventory search." 425 So.2d at 645 (quoting State v. Valdes, 423 So.2d 944, 944 (Fla. 3d DCA 1982)). This reasoning comports with the holding of the United States Supreme Court "that the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken so long as the circumstances, viewed objectively, justify that action." Scott v. United States, 436 U.S. 128, 138, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168 (1978). We find no error in the district court's determination that, viewed objectively, the circumstances presented here justified the search of the car as a search incident to arrest. See New York v. Belton, 453 U.S. 454, 101 S.Ct. *813 2860, 69 L.Ed.2d 768 (1981); Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).
What we have said thus far is sufficient to approve the district court's reversal of the trial judge's suppression order. However, we go further only to suggest that it was unnecessary for the district court to find an alternative ground to justify the search, a ground not heavily relied upon by the state before the trial court and not subjectively relied upon by the officer who searched the car. Such alternative ground was unnecessary, we believe, because the trial judge erred when he ruled that the impoundment and inventory search were improper under Miller v. State. The trial judge could have and should have been reversed on that ground alone. The opinion in Miller v. State recognized that there are "situations where impoundment is reasonable and necessary, and consultation would be impossible or inappropriate." 403 So.2d 1314. Under Miller, when communication between officer and arrestee is impossible or substantially impeded by the circumstances, and removal of the vehicle from the roadway is necessary in the interest of public safety, impoundment may be ordered without consultation of and advice to the arrestee. When impoundment is necessary and proper, it follows that an inventory of the contents may be made. Here the officer was unable to communicate with the arrestee because the arrestee did not speak English. The officer tried to get the assistance of a Spanish-speaking officer but was unable to do so. The arresting officer had no idea when a Spanish-speaking officer might be available. Under these circumstances, impoundment and inventory search of the car in connection with the arrest was proper under Miller v. State.
The decision of the district court of appeal, reversing the trial court's order suppressing tangible evidence, is approved.[5] We remand the case for further proceedings.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[1] The information in this case accused Padron of (1) carrying a concealed firearm silencer on March 8, 1981; (2) carrying a concealed machinegun on March 8, 1981; (3) discharging a machinegun into an occupied dwelling on March 6, 1981; (4) display of a firearm while committing the felony of shooting into an occupied dwelling on March 6, 1981; (5) display of a firearm while committing the offense of discharging a machinegun on March 6, 1981; (6) manufacture or possession with intent to manufacture, sell, or deliver cannabis in an amount of more than twenty grams on March 8, 1981; (7) unlawful ownership or possession of a machinegun on March 8, 1981; (8) discharging a machinegun upon, across, or along a road, street, or highway or place where people are accustomed to assemble, with intent to do bodily harm or to damage property on March 6, 1981; and (9) possession of a firearm with an altered serial number on March 8, 1981.
[2] The trial court also granted petitioner's motion to suppress statements he made in response to police interrogation.
[3] The state also appealed the trial judge's order suppressing petitioner's statements.
[4] The district court affirmed the trial court's order suppressing petitioner's statements. 425 So.2d at 645.
[5] The other portion of the district court's decision, affirming the trial court's order suppressing petitioner's statements, has not been challenged in this review proceeding.