WIGGINTON, Judge.
Appellant appeals the trial court’s order accepting his plea of nolo contendere to carrying a concealed firearm. In entering his plea, appellant reserved his right to appeal the denial of his motion to suppress the firearm due to unlawful seizure. We affirm.
At the motion hearing, Deputy Spikes testified that on August 1, 1983, he stopped the vehicle appellant was driving and arrested appellant for willful and wanton reckless driving, fleeing and attempting to elude a deputy, and speeding. The validity of the arrest is not an issue in this appeal. The deputy asked appellant to produce his car registration, at which time appellant opened the glove compartment of his car and the deputy saw a box of what appeared to be .32 caliber shells. The deputy immediately moved appellant away from the ear and had a reserve deputy guard appellant while he searched the car. Under the seat on the driver’s side, he saw a portion of the butt of a gun. He reached in and pulled out a .32 caliber, five-shot revolver that was loaded.
Appellant argues that the search by Deputy Spikes did not fall within a valid exception to the exclusionary rule since the search was not incident to appellant’s arrest because appellant was secured away from the vehicle and no probable cause or exigent circumstances existed. Appellant relies upon this Court’s decision in State v. Skrobacki, 331 So.2d 376 (Fla. 1st DCA 1976), in which this Court determined that a search of an automobile was not justified as an incident to Skrobacki’s arrest since he had been placed in custody by two armed officers and was fifteen feet away from the vehicle. The court further found that the officer’s mere sighting of a box of ammunition and a pistol clip in the glove compartment of that car did not provide probable cause to justify a search for a pistol within the car since it is not unlawful to carry a pistol in an automobile unless it is so located as to be on or about the person and is not securely encased. However, since our ruling in Skrobacki, the United States Supreme Court has handed down its decision in New York v. Belton, 453 U.S. 454,101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), in which the court declared:
*602 Our reading of the cases suggests the generalization that articles inside the relatively narrow compass of the passenger compartment of an automobile are in fact generally, even if not inevitably, within “the area into which an arrestee might reach in order to grab a weapon or evi-dentiary ite[m].” [Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) ].... In order to establish the workable rule this category of cases requires, we read Chimel’s definition of the limits of the area that may be searched in light of that generalization. Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.
In Chapas v. State, 404 So.2d 1102 (Fla. 2d DCA 1981), following Belton, Judge Danahy for the court declared:
We believe the Supreme Court in the Belton case has foreclosed the option of determining on a case by case basis whether the interior of an automobile is within the scope of a search incident to arrest. We read Belton as establishing a rule applicable to all cases involving the arrest of a recent occupant of an automobile without regard to the facts in the particular case.
In Chapas, as in Belton and in the instant case, the defendant was the recent occupant of an automobile but had been removed from the vehicle and placed under arrest prior to the search of the vehicle and the seizure of the evidence, a rifle. The Chapas court found that the seizure of the rifle was constitutionally permissible as a search incident to arrest. Following Belton and Chapas, we reach the same result in the instant case. See also Savoie v. State, 422 So.2d 308 (Fla.1982); and State v. Valdes, 423 So.2d 944 (Fla. 3d DCA 1982).
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.