471 So.2d 665 (1985)
Willie LOFTON a/K/a Willie Sams, Appellant,
v.
STATE of Florida, Appellee.
No. 84-266.
District Court of Appeal of Florida, Fifth District.
June 27, 1985.
*666 James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The principal issue raised on this appeal is whether the trial court erred in refusing to suppress a statement made by appellant to an investigator for the State Attorney. We find no error and affirm.
Suspecting that defendant Lofton was involved in a sexual battery which was under investigation, an investigator from the State Attorney's office in St. Johns County interviewed defendant in the county jail, where he was being held on completely unrelated burglary charges. After reading Lofton his Miranda rights and ascertaining that he understood them, and after defendant signed a written waiver of those rights, the investigator learned from defendant that he was one of the three men involved in the sexual encounter with the victim. Lofton admitted that he, as well as the other two men, had engaged in sexual intercourse with the victim, although he maintained that the act was consensual.
At trial Lofton's counsel objected to introduction of the statement and moved to suppress it maintaining that the statement was taken without contacting the attorney representing Lofton in the unrelated burglary charge. The appellant maintained at the trial level, and maintains on appeal, that it was error to take a statement from him when the investigating officer knew that the appellant was being represented by the Office of the Public Defender in another case. The State counters that the appellant was fully aware of his right to counsel, signed a waiver of rights form, and volunteered to speak with Officer Edmonson. The trial court denied the motion to suppress and the confession was introduced at trial.
Although appellant had not yet been charged with sexual battery nor had counsel been appointed for him in this case, he maintains that his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) were violated because he did not initiate the conversation with the investigator who knew that appellant was represented by counsel in an unrelated criminal case. He reasons that because he was represented by counsel on another charge, he had thus indicated his desire to speak only through counsel. We have previously considered and rejected a similar argument.
In Miller v. State, 403 So.2d 1017 (Fla. 5th DCA 1981)[1], the appellant gave a confession *667 to a police officer, but later maintained that it should have been suppressed because the officer knew that appellant was represented by counsel on a separate and unrelated charge. In the first case Miller's attorney had indicated that Miller would make no statement. Accordingly, Miller maintained that the officer should not have questioned him about the second crime. Miller urged this court to adopt the rule enunciated in People v. Rogers, 48 N.Y.2d 167, 422 N.Y.S.2d 18, 397 N.E.2d 709 (C.A. 1979). The Rogers or so-called "New York Rule" states that once a defendant invokes the right to counsel, he may not be questioned even as to matters unrelated to the charge for which he is represented; this "indelible" right to counsel requires that no legal effect be given to any waiver of rights made outside the presence of counsel once the right of counsel has been invoked.
This court in Miller refused to apply the "New York" rule making the following comment:
Florida has rejected New York's "indelible" right by specifically holding that the decision to have a lawyer is not irrevocable and that a statement voluntarily given to law enforcement officers after a defendant has been fully informed of his rights, waives the protection afforded by Miranda. Jackson v. State, 359 So.2d 1190 (Fla. 1978), cert. denied, 439 U.S. 1102, 99 S.Ct. 881, 59 L.Ed.2d 63 (1979). A request for counsel for an unrelated charge does not require that interrogation cease if adequate Miranda warnings have been given. Stone v. State, 378 So.2d 765, 769 (Fla. 1979), cert. denied, 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed.2d 250 (1980). In the light of these cases, we hold that the knowledge of a police officer that a defendant is represented by counsel in a completely unrelated charge does not preclude the questioning of the defendant about the charge at hand where the defendant has intelligently and knowingly waived his right to counsel and has made a voluntary statement to the police. [Footnote omitted].
In Waterhouse v. State, 429 So.2d 301 (Fla. 1983) the Florida supreme court refused to adopt a per se rule requiring officers to notify the defendant's attorney before communicating with the accused. Here, it is clear that defendant was not represented by counsel in the sexual battery case. In fact, he had not yet been charged in that case. He was informed of his right to counsel and of his right not to speak to the investigator, and he waived those rights. Appellant does not contend that his statement was otherwise involuntary, and we hold that it was not made involuntary merely because the public defender representing defendant in a completely unrelated criminal matter was not notified prior to the questioning.
AFFIRMED.
COWART, J., concurs.
DAUKSCH, J., concurs in part, dissents in part with opinion.
DAUKSCH, Judge, concurring in part, dissenting in part.
I agree the confession of the appellant should not be excluded on the grounds it was coerced, involuntary or otherwise obtained in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
However it is inexcusable unethical behavior on the part of a lawyer, either personally or through his investigator or other agent, to contact and have a discussion with his opposing lawyer's client. For that prosecutorial and lawyer misconduct I would require the exclusion of the appellant's statements and any evidence gained *668 as a result. That is the only adequate penalty and deterrent. While all lawyers are bound to ethical rules, prosecutors for the government should be further beyond reproach than any others. See generally DR 1-104(A)(1), Code of Professional Responsibility.
NOTES
[1] Luman v. State, 447 So.2d 428 (Fla. 5th DCA 1984) is distinguishable from both the case sub judice and Miller. In Luman, the defendant was being questioned about the theft of a Volkswagen. Although he requested counsel, he was furnished none and he was tricked into making an inculpatory statement. While he was making that statement (later suppressed), two other officers entered the room and began questioning him about the theft of other property, for which he was ultimately charged in that case. His request for counsel, made just a few minutes earlier in the same session was ignored. This court treated the interrogation of the separate crimes as one and held that because counsel had been requested during the custodial interrogation, further questioning was not permitted. Sub judice, defendant had requested and was furnished counsel in the earlier and unrelated burglary case. At a different time and place, completely removed from the earlier case, he specifically, voluntarily and knowingly waived counsel in the sexual battery investigation after his rights had been read to him and it was clear that he understood them. There was no connection between any investigation or interrogation which may have taken place in the earlier burglary case and the investigation and interrogation in the sexual battery case which concerns us here.