513 So.2d 739 (1987)
The STATE of Florida, Appellant,
v.
Oscar BLANCO, Appellee.
No. 86-2482.
District Court of Appeal of Florida, Third District.
October 6, 1987.
Robert A. Butterworth, Atty. Gen., and Mark J. Berkowitz and Susan Hugentugler, Asst. Attys. Gen., for appellant.
Casuso & McHale and Louis Casuso, Sheldon R. Zilbert, Miami, for appellee.
Before BASKIN, DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
We review an order suppressing nineteen kilograms of cocaine found in the *740 trunk of a motor vehicle driven by the defendant and a statement made by him after the search of the trunk.[1] The trial court found that the vehicle had been improperly impounded under Miller v. State, 403 So.2d 1307 (Fla. 1981), and concluded that the ensuing inventory search of the vehicle was invalid. We have no quarrel with the trial court's finding that the impoundment did not meet Miller's requirements. However, the State did not rely solely on a Miller impoundment theory to validate the search, but put forth the distinct and separate argument that the police could have seized the vehicle for forfeiture and conducted the very same search. The trial court rejected this argument, erroneously believing that "unless there is a bona fide intention to forfeit the car," an improper impoundment of the vehicle cannot be converted into a seizure under the forfeiture statute. We reverse.
In the present case, the car was stopped because the defendant ran a red light. As the police officer approached the car, he saw an open satchel on the console between the front seats and saw a transparent baggie with white powder in the satchel. The officer ordered the defendant and his front-seat passenger out of the car and placed them under arrest for possession of cocaine. The satchel contained more suspected cocaine below the visible baggie. The total of the cocaine in the satchel later weighed in at 22 grams.
No challenge was ever made to the validity of the stop or the defendant's arrest. The defendant's attack on the search of the trunk was simply that because the car was properly parked off the road and not obstructing traffic, it could not, contrary to the officer's stated belief, be impounded. The trial court agreed and suppressed the search of the trunk on the ground that it was made pursuant to the officer's unjustified impoundment-inventory theory, notwithstanding that the officer undeniably would have been justified in searching the trunk had he seized the vehicle for forfeiture. See §§ 932.701-.704, Fla. Stat. (1985); Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967). This ruling was clearly wrong.
The rule which controls this case is that the lawfulness of a warrantless search is to be determined by an objective view of the facts, not the subjective view of the person conducting the search. Padron v. State, 449 So.2d 811 (Fla. 1984). The court in Padron approved the reasoning of this court that "the validity of the search as incident to the arrest is unaffected by the fact that the police officers classified their actions as an inventory search." Id. at 812 (quoting State v. Padron, 425 So.2d 644, 645 (Fla. 3d DCA 1983)). The court said, "[t]his reasoning comports with the holding of the United States Supreme Court `that the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken so long as the circumstances, viewed objectively, justify that action.' Scott v. United States, 436 U.S. 128, 138, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168 (1978)." Padron v. State, 449 So.2d at 812. Thus, an automobile search, although mistakenly characterized by the police as an inventory search, is valid where the objective facts reveal that the search could have been conducted as one incident to an arrest. Sommer v. State, 465 So.2d 1339 (Fla. 5th DCA 1985); State v. Abislaiman, 437 So.2d 181 (Fla. 3d DCA 1983); Bond v. State, 431 So.2d 343 (Fla. 2d DCA 1983); State v. Valdes, 423 So.2d 944 (Fla. 3d DCA 1982); see State v. Diaz, 474 So.2d 903 (Fla. 5th DCA 1985) *741 (the existence of prior objective probable cause to arrest occupants validated search of vehicle notwithstanding arguably improper motive of police to effect arrest as a pretext to search); Thomas v. State, 395 So.2d 280 (Fla. 3d DCA 1981) (where, by objective standards, probable cause to arrest for an offense exists, the arrest is valid even though made on an arguably unsupportable charge). By the same reasoning, the search here, although not supportable under the officer's stated impoundment-inventory theory, was nonetheless valid where the objective facts showed that the vehicle was subject to forfeiture, thus seizure, and thus search. See Cooper v. California, 386 U.S. 58, 87 S.Ct. 788.
The trial court's order of suppression is therefore
Reversed.
NOTES
[1] Presumably, the basis for the suppression of the statement was that it was the product of an unlawful arrest for the cocaine found in the trunk. However, the record reveals without dispute that the defendant was already under lawful arrest for possession of the cocaine found in the passenger compartment of the car well before the trunk was searched and that the statement was voluntarily given after proper Miranda warnings. The justification for the suppression of the defendant's statement thus remains a mystery which has apparently been overshadowed by the suppression of the cocaine in the trunk. Needless to say, the suppression of the statement cannot stand, no matter what our disposition of the suppression of the cocaine.