PALMER, J.
The State appeals the trial court’s order granting Derrick Devon Colson’s motion to suppress evidence of contraband found during a search of his car.[1] Concluding that the record contains competent, substantial evidence to support the trial court’s ruling, we affirm.
When sheriffs deputies responded to a call from a convenience store employee regarding a disturbance, the deputies were told that Colson had been acting aggressively toward other patrons in the store, and that he was inside the restroom, refusing to leave. The employees requested that the officers cite Colson for trespassing. The deputies knocked on the door of the restroom and asked Colson to come out. Colson was resistant and, at one point, he pushed one of the deputies. He continued to resist the deputies’ attempts to get him outside and was eventually arrested for battery on a law enforcement officer and resisting arrest.
Once Colson was arrested the deputies performed a search of his person incident to his arrest. The search revealed a piece of cellophane with white powder on it in Colson’s pocket. The white powder tested positive for cocaine. Subsequent to the search, Colson was placed in the back of the deputies’ car. Of particular importance to this appeal, the employees of the convenience store pointed out to the deputies that Colson had arrived at the store in a vehicle which was parked in the store’s parking lot. The deputies found car keys in Colson’s possession and used them to unlock the car. Once unlocked, the deputies searched the car. During the search, the deputies found a large quantity of cocaine and a semiautomatic weapon.
Colson was subsequently charged with trafficking in 200 grams or more of cocaine, battery on a law enforcement officer, resisting an officer without violence, and possession of a firearm by a convicted felon. Colson filed a motion to suppress the cocaine and the semiautomatic weapon seized from his car, arguing that the war-rantless search of his vehicle was illegal. At the suppression hearing, one of the deputies testified that the search of Col-son’s car was an inventory search conducted after the car had been impounded. He stated that he impounded Colson’s car at the scene because there was no one to release the vehicle to, and he was afraid that the car could have been stolen or broken into if left unattended on the convenience store premises. He further testified about the policies and procedures of the sheriffs office regarding when a vehicle should be impounded. The deputy testified that he did not receive Colson’s consent to search the car, that he had no idea there was any evidence of a crime or contraband in the vehicle, and that the car was simply impounded for safekeeping.
The trial court granted Colson’s motion to suppress stating, among other reasons, that the search was not a valid inventory search based on a legal impoundment, but rather, an unauthorized investigative search. The State appeals this ruling, ar *789 guing that there is no factual support in the record for the trial court’s conclusion that the search was an investigative search. We disagree.
The officers’ characterization of the search as an inventory search does not control. It is the actual nature of the search, not the label placed upon it by the officer, which controls. State v. Williams, 516 So.2d 1081 (Fla. 2d DCA 1987); State v. Valdes, 423 So.2d 944 (Fla. 3d DCA 1982).
The evidence presented at the suppression hearing was sufficient to support the trial court’s conclusion that the totality of the circumstances demonstrated that the deputies searched Colson’s car for purposes of investigation. At the time the search occurred, the car was legally parked and locked, and the deputies had not called for a tow truck to tow the vehicle pursuant to an impoundment nor inquired how long it would be before Col-son could have someone else remove the vehicle. The decision to search the vehicle followed the discovery of a residue of contraband on Colson’s person. Although the deputy testified adamantly that the search was not done for investigative purposes, the trial court possessed the discretion to disregard that testimony based on its evaluation of the witness’s credibility.
AFFIRMED.
COBB and PLEUS, JJ., concur.

. See Fla. R.App. P. 9.140(c)(l)(B)(authoriz-ing the State to appeal a suppression order).