507 So.2d 772 (1987)
The STATE of Florida, Appellant,
v.
Sergio Ramon GONZALEZ, Appellee.
No. 86-118.
District Court of Appeal of Florida, Third District.
May 26, 1987.
Robert A. Butterworth, Atty. Gen., and Susan Odzer Hugentugler, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Thomas G. Murray, Asst. Public Defender, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
The State appeals from an order granting Gonzalez's motion to suppress. We reverse based upon the following analysis.
The relevant facts in this case are as follows. Miami Police Detectives Arostequi and Bhurmeister were contacted by a Key West police officer who requested their assistance in apprehending a grand theft suspect named William Pumphrey. They were informed that a confidential informant (CI) was on his way to meet Pumphrey, who was described as a white male in his 30's, and who would be in the company of two other men suspected of being armed and dangerous.
The Miami detectives met with the CI and were informed of his meeting place and time with Pumphrey; that Pumphrey was to give the CI money; that Pumphrey would be in the company of two heavily armed individuals; and that the CI under no circumstances wanted to leave with these two individuals.
At the meeting place, a hotel, Arostequi observed the CI enter with the defendant, then exit and get into a car in the parking lot. The defendant took the driver's seat and a man fitting Pumphrey's description was in the front passenger seat. Fearing for the CI's safety and believing the passenger to be Pumphrey, the two detectives had the car stopped by a marked police unit.
The defendant was ordered out of the car and patted down for weapons. When asked, he stated he did not have a driver's license and was arrested for this offense and placed in the police car. The passenger refused to give any identification and was arrested for obstruction of justice.
No weapons or contraband were found on the defendant or in the interior of the car. The CI informed the detectives that neither the defendant nor the passenger was Pumphrey.
Detective Bhurmeister, in connection with the defendant's arrest, removed the keys from the ignition and opened the locked glove compartment. Inside the glove compartment the detective found a *773 one-half pound package of heroin. The defendant motioned from the police car and told the detectives the heroin was his.
He was subsequently charged with felony trafficking in illegal drugs. The defendant moved to suppress the evidence allegedly obtained in an unlawful search and also moved to suppress his admission that the seized heroin was his.
Following a hearing, the trial court entered its order granting the motion to suppress evidence obtained in an unlawful search. The court found, inter alia, that the glove compartment search was conducted after the police officers had determined that neither of the men in the car was Pumphrey, the man they were seeking; after the two arrested men had been placed in the police vehicle; after a search of the car's interior failed to disclose the presence of weapons or contraband; and at a time when the police officers were not concerned for their safety.
The trial court further found that the locked glove compartment wherein the heroin was found was not a container as defined in New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), but rather, was "more akin to the interior of door panels than to containers." Therefore, the trial court held that the search of the locked glove compartment exceeded the permissible scope of a search authorized under Belton.
The sole issue on appeal is whether the search of the locked glove compartment of the defendant's automobile was justified as a search incident to a lawful arrest. We conclude that it was a legal search.
In New York v. Belton, 453 U.S. at 460, 101 S.Ct. at 2864, 69 L.Ed.2d at 775, the Supreme Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile."
The Supreme Court further stated: "It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach." 453 U.S. at 460, 101 S.Ct. at 2864, 69 L.Ed.2d at 775. In a footnote to the above quoted passage, the Court further elaborated:
"Container" here denotes any object capable of holding another object. It thus includes closed or open glove compartments, consoles, or other receptacles located anywhere within the passenger compartment, as well as luggage, boxes, bags, clothing, and the like. Our holding encompasses only the interior of the passenger compartment of an automobile and does not encompass the trunk.
Id. at 460 n. 4, 101 S.Ct. at 2864 n. 4, 69 L.Ed.2d at 775 n. 4.
Therefore we do not believe that the Supreme Court in Belton intended to make a distinction between a locked glove compartment and an unlocked one with respect to a search incident to an arrest. Moreover, such distinctions have been rejected by the Supreme Court in United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). There the Court held, in the context of a probable cause search of an automobile: "When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions ... must give way to the interest in the prompt and efficient completion of the task at hand." 456 U.S. at 822, 102 S.Ct. at 2171, 72 L.Ed.2d at 591.
Other jurisdictions have also rejected the distinction between locked or unlocked glove compartments. State v. Fry, 131 Wis.2d 153, 388 N.W.2d 565 (Wis.) (in terms of the purposes of a search incident to arrest, i.e., to secure weapons and evidence from the defendant, there is no meaningful distinction between a locked and a closed glove compartment), cert. denied, ___ U.S. ___, 107 S.Ct. 583, 93 L.Ed.2d 586 (1986); State v. Massenburg, 66 N.C. App. 127, 310 S.E.2d 619 (1984) ("While we admit that there is some distinction between a locked glove compartment and a closed but unlocked one, we do not believe the Supreme Court intended to make a distinction between *774 them with respect to a search incident to an arrest.")
We conclude that the heroin seized from the glove compartment in the instant case was the result of a search incident to a lawful arrest and was properly admitted into evidence.
Accordingly, the order granting the defendant's motion to suppress is reversed, and the cause remanded for further proceedings.
Reversed and remanded.