519 So.2d 58 (1988)
John D. MOSLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1080.
District Court of Appeal of Florida, Second District.
January 27, 1988.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Assistant Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
*59 CAMPBELL, Acting Chief Judge.
Appellant, John D. Mosley, pled nolo contendre to possession of cocaine, reserving his right to appeal. He was sentenced to two years in prison. On appeal, he argues that the court should have granted his motion to suppress evidence of a piece of rock cocaine that the police seized when they arrested appellant.
Appellant maintains that he was improperly stopped and that the evidence resulting from that improper stop was thus tainted. We agree.
Appellant's actions here did nothing to raise a founded suspicion in the officers' minds. We have these four facts: (1) Appellant was in a high crime area; (2) appellant's companion was allegedly a drug dealer; (3) appellant was walking, but not "away;" and (4) appellant's fists were clenched in a nonthreatening manner.
Mere presence in a high crime area will not raise founded suspicion of criminal activity justifying a temporary detention. G.J.P. v. State, 469 So.2d 826 (Fla. 2d DCA 1985). Even running away from police in a high crime area is not enough to justify an investigative stop. Cobb v. State, 511 So.2d 698 (Fla. 3d DCA 1987). The officers here admitted that appellant's fists were clenched in a nonthreatening manner. Nothing was passed between appellant and his female companion. Merely talking to a drug dealer does not raise a founded suspicion of criminal activity. See McClure v. State, 358 So.2d 1187 (Fla. 2d DCA 1978). These facts simply do not create a founded suspicion of criminal activity. The detention was improper. Since the detention was improper, the seizure of cocaine was also improper.
We reverse and remand with instructions to discharge appellant for this offense. See McClure.
FRANK and HALL, JJ., concur.