521 So.2d 260 (1988)
Cheryl MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2669.
District Court of Appeal of Florida, Second District.
March 2, 1988.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Appellant Martin challenges her judgment and sentences resulting from the entry of no contest pleas to possession of cocaine, carrying a concealed firearm, and possession of a firearm by a felon. Upon entering her pleas, appellant reserved the right to appeal the trial court's order denying her motion to suppress. Appellant contends that she was improperly detained, thereby rendering her subsequent arrest, and the search and seizure of the evidence leading to her convictions illegal. She maintains that therefore, the trial court erred in denying her motion to suppress. We agree.
*261 The arresting officer testified to the following observations: (1) appellant was in an area known for street level sales of cocaine; (2) appellant was sitting on a porch with two known drug dealers; (3) appellant walked toward a vehicle, and back to the porch then back to the vehicle; and (4) appellant got into the back seat of the vehicle, which started to leave when the officer approached.
This court has recently held that presence in a high crime area, walking away from the police in a high crime area, and presence with a companion who is a known drug dealer, even when taken together, do not create a founded suspicion of criminal activity justifying a temporary detention. Mosley v. State, 519 So.2d 58 (Fla. 2d DCA 1988).
When comparing the bases which the officer had in the present case for stopping appellant to those of the officer in Mosley, the sole additional factor here is that appellant was observed walking to a vehicle, returning to the porch, returning to the vehicle, and entering the vehicle when she saw the officer approach. The officer never observed anything pass from appellant to the occupants of the vehicle or vice versa. He merely observed appellant speaking to the occupants. This additional factor alone does not alter the result which was reached in Mosley, that the detention was improper.
As a consequence of the illegal detention here, the seizure of the cocaine and firearm found during the subsequent search of appellant, is likewise invalid. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Both items of evidence should, therefore, have been suppressed. Id.
We reverse appellant's judgment and sentences and remand with instructions that appellant be discharged.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.