533 So.2d 861 (1988)
Michael J. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-3270.
District Court of Appeal of Florida, Second District.
October 26, 1988.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
The defendant, Michael J. Thomas, appeals the denial of his motion to suppress *862 self-incriminating statements and a vial with cocaine residue found as a result of a police pat-down. After reserving the right to appeal the denial of the motion, Thomas pled nolo contendere to possession of cocaine and possession of paraphernalia charges. We reverse.
At 1:30 a.m. on April 10, 1987, the arresting officer observed Thomas crouched down in a crowd over the flame of a Bic lighter in a known drug area. Upon seeing the officer, the crowd dispersed. As Thomas walked quickly away from the scene, he stuffed something in his pants. The officer told Thomas to stop and put his hands on a car. He then patted Thomas down and pulled out a glass pipe or vial from the groin area of Thomas's pants. Thomas admitted he had used the pipe to smoke rock cocaine.
The officer stopped Thomas under the Florida Stop and Frisk Law, section 901.151, Florida Statutes (1985). Thomas argues that the stop was improper because the only things which gave rise to the officer's suspicions were Thomas's being in a high crime area and his attempt to conceal something in his pants. We disagree and think the stop was proper. Many factors, such as the time, place, and actions of the individuals, determine the propriety of a temporary detention. State v. Spurling, 385 So.2d 672 (Fla. 2d DCA 1980). We think the totality of Thomas's behavior observed by the officer at a known drugtransaction area late at night was sufficient to justify the officer's founded suspicion that criminal activity was afoot. We distinguish the instant case from R.B. v. State, 429 So.2d 815 (Fla. 2d DCA 1983), in which the stop was improper where the defendant was detained merely because upon seeing a squad car, he quickly placed his hand in his jacket pocket and started walking faster. See G.J.P. v. State, 469 So.2d 826 (Fla. 2d DCA 1985) (no founded suspicion where officer observed car occupant in a high crime area make a quick movement). In the instant case, the facts substantiate the officer's founded suspicion: Thomas was observed crouching with others over a Bic lighter late at night in a known drug area, and upon seeing the officer, he quickly exited the area, stuffing something into his pants. While Thomas is correct in arguing that lighters can be used to ignite materials other than drugs, the surrounding circumstances point to a nefarious, rather than an innocent, use of the lighter.
Although we think the stop was proper, the right to search does not automatically follow once the right to detain is established. Sanders v. State, 385 So.2d 735, 737 (Fla. 2d DCA 1980). A frisk or pat-down incident to an investigatory stop may be conducted only where the officer has probable cause to believe that the person detained is armed with a dangerous weapon. § 901.151, Fla. Stat. Here, the officer testified that he had no reason to believe Thomas was armed. This candid testimony by the officer invalidates the search. See, e.g., Baldwin v. State, 418 So.2d 1219 (Fla. 2d DCA 1982).
Accordingly, we reverse the denial of Thomas's motion to suppress self-incriminating statements and the vial with cocaine residue as fruits of an illegal search. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
CAMPBELL, C.J., and PARKER, J., concur.