NESBITT, Judge.
The defendant appeals a conviction for grand theft contending that the trial court erred in denying his motion to suppress the physical evidence upon which his conviction was based. We agree and reverse.
A citizen advised a Miami Beach patrolman that the defendant was weaving erratically between towels and people bathing on the beach. The officer observed the defendant who was wearing bathing trunks and carrying a beach towel. His trunks were so obviously large for him that he had to hold them up with his hand.
At that point, the officer walked toward the defendant and motioned to him so as to engage him in conversation. The defendant walked back toward the police cruiser with the officer. The officer took the defendant’s towel in order to make the routine check for weapons and retained the towel in his custody. Ultimately, two other Miami Beach police officers and two security officers from an adjacent hotel also came upon the scene. The original officer asked the defendant where he lived. The defendant gave a hotel room number and purportedly consented to a search of that room. However, when the officers arrived at that room, they found out that the defendant in fact lived in a different room. In that second room, numerous stolen wallets, purses, credit cards, and other items were discovered.
We agree with the defendant’s claim here that he was illegally detained and that a reasonable person would have believed that he was not free to leave. See United States v. Mendenhall, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497, 509 (1980). The officers, who may have initially engaged the defendant in a permissible police encounter, escalated the encounter into an investigatory stop when they made a search for weapons. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). However, the Terry-type stop was unjustifiable because of the absence of the necessary founded suspicion of criminal activity. Williams v. State, 454 So.2d 737 (Fla. 2d DCA 1984); Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980); § 901.151, Fla.Stat. (1987). Even if the defendant’s appearance and actions here could by any stretch of the imagination be considered unusual, they clearly constituted insufficient grounds to raise a founded suspicion of any criminal activity on the part of the defendant.
Because we determine that the defendant was seized without reasonable, well-founded suspicion and because the state entirely failed to show by clear and convincing evidence an unequivocal break in the chain of illegality between the original detention and the purported consent to search the defendant’s room, see Norman v. State, 379 So.2d 643 (Fla.1980); State v. Butler, 520 So.2d 325 (Fla. 3d DCA 1988), we reverse the trial court’s denial of the motion to suppress. Based on the foregoing, it is unnecessary to reach the issue of whether the defendant’s consent to search his room was given under the proper standard.
For the foregoing reasons, the defendant’s conviction is reversed with directions to grant his motion to suppress.