561 So.2d 1245 (1990)
Luther HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 87-00814.
District Court of Appeal of Florida, Second District.
May 18, 1990.
*1246 James Marion Moorman, Public Defender, and Phil Patterson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Luther Hill appeals the denial of his motion to suppress cocaine on the ground that it was obtained from an illegal search and seizure. We reverse on the ground that appellant was illegally frisked and detained.
The only testimony given at appellant's suppression hearing was that of Officer Bruce Mohr of the Tampa Police Department. He stated that at approximately 1:00 p.m. on November 21, 1986, he and his partner were in the area of 18th Street and Chipco, a known drug area. They did not see any suspected drug transactions immediately before they saw appellant, who was walking away from the area. He did not have anything in his hand and they did not see him throw anything to the ground. They drove up to him, started talking, and asked him his name. They did not intend to arrest him. It was a voluntary contact and appellant was free to leave if he did not want to speak with them. Appellant stated his name and date of birth. They felt appellant had not stated his true date of birth because it seemed much too young for him. They then asked him for identification, which appellant did not have. Appellant responded that they could go to his mother's house to get his identification. Officer Mohr's partner patted appellant down and did not find any weapon.
After they frisked appellant, the officers put him in the back of the patrol car. They made a stop at a mechanic's shop where appellant said his car was being worked on, but were unable to find out appellant's true identity. During this entire time, appellant was locked in the back seat of the patrol car.
When they arrived at appellant's mother's house, she told the officers that appellant had given the birth date and name of his brother. The officers discovered an outstanding warrant for appellant after running his real name through the computer. They then searched the back of the police car and found the cocaine.
Officer Mohr admitted that they did not know appellant had not stated his true name, but he looked older than he had stated. Usually when the officers pull up in a marked unit, people walk away or run away from them. Appellant walked off. Officer Mohr thought there was a chance that there was criminal activity taking place at that time because appellant walked off from a group of people in a known drug area. He also stated that although he and his partner were suspicious, "it turned into a field interview because we had the feeling he was lying to us."
Police may not stop and detain an individual arbitrarily on a bare or mere suspicion of illegal activity. Coladonato v. State, 348 So.2d 326 (Fla. 1977). However, *1247 there is a legal distinction between a consensual encounter and a detention based upon a well-founded suspicion of criminal activity. A law enforcement officer is not prohibited from addressing questions to any individual on the street even if the officer does not have a well-founded suspicion of criminal activity and, in such a situation, the individual is under no duty to remain and answer the officer's questions. Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); McLane v. Rose, 537 So.2d 652, 654 (Fla. 2d DCA 1989); Davis v. State, 461 So.2d 1361, 1362 (Fla. 2d DCA), review denied, 471 So.2d 43 (Fla. 1985). Under this reasoning, a request for identification by police does not constitute a Fourth Amendment seizure. I.N.S. v. Delgado, 466 U.S. 210, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984); Royer; Davis.
However, a consensual encounter between a police officer and a citizen can be transformed into a Fourth Amendment seizure if in view of all the surrounding circumstances a reasonable person believes he is not free to leave. I.N.S. A brief stop of an individual to determine the person's identity or to maintain the status quo momentarily while obtaining more information may be reasonable in light of the facts known to the officer at the time. State v. Arnold, 475 So.2d 301, 307 (Fla. 2d DCA 1985). However, during a consensual encounter, an individual may not be detained against his will or frisked. When a reasonable person is led to believe he is not free to leave a consensual encounter is transformed into a detainment, which is a Fourth Amendment seizure. McLane v. Rose, 537 So.2d 652 (Fla. 2d DCA 1989).
After questioning appellant, the officers had no authority to further frisk and detain him based upon the mere suspicion that appellant was lying to them. A frisk or patdown incident to an investigatory stop may be conducted only where the officer has probable cause to believe the person detained is armed with a dangerous weapon. § 901.151, Fla. Stat. (1985). In this case, the police officer did not testify that he had any reason to believe appellant was armed, therefore, the frisk was improper. Thomas v. State, 533 So.2d 861, 862 (Fla. 2d DCA 1988).
Furthermore, the officers had no authority to continue to detain appellant after the "consensual encounter" and the frisk. To justify a temporary detention of a person, there must be a founded suspicion in the mind of the officer that the person has committed, is committing or is about to commit a crime. G.J.P. v. State, 469 So.2d 826, 827 (Fla. 2d DCA 1985) (in high crime area, police saw automobile with two people parked in alley leading to open field, saw bicycle parked next to automobile, and saw one of automobile's occupants make quick move). In G.J.P., the court agreed that the police officer may have had his suspicion aroused but that did not rise to the level of a founded suspicion which justified a temporary detention. Rather, mere suspicion is no better than guesswork or a hunch and has no objective justification. Id. at 827; Kirk v. State, 493 So.2d 59, 60 (Fla. 2d DCA 1986) (illegal stop where police had policy to stop and identify persons on the street late at night, and appellant was riding bicycle without reflectors or lights in high crime area); R.B. v. State, 429 So.2d 815, 816 (Fla. 2d DCA 1983) (appellant saw squad car, quickly placed his hand in his jacket pocket, and started walking faster; no founded suspicion to detain).
In this case, there was no founded suspicion to detain appellant after he gave them a name and birth date and frisked him. Even though the officers were suspicious that appellant had stated an incorrect birth date, this could not justify the assumption that appellant had committed a criminal activity or was about to engage in criminal activity, which is the standard for detention. Additionally, mere presence in a *1248 high crime area does not support a founded suspicion of criminal activity which will justify a temporary detention. Mosley v. State, 519 So.2d 58, 59 (Fla. 2d DCA 1988) (no founded suspicion where appellant was walking with an alleged drug dealer in a high crime area and his fists clenched); G.J.P., 469 So.2d at 826. See also Martin v. State, 521 So.2d 260, 261 (Fla. 2d DCA 1988) (no founded suspicion where appellant was in drug area, sitting on a porch with two known drug dealers, then walked toward a vehicle, back to the porch, then back to the vehicle and got into the back seat and the vehicle started to leave when the officer approached); Walker v. State, 514 So.2d 1149, 1150 (Fla. 2d DCA 1987) (no founded suspicion to justify temporary detention where appellant was on the front porch of a residence in a high crime area and the police saw him make a quick movement as if trying to conceal something behind his right hip).
Even though the frisk did not immediately lead to the discovery of the cocaine, it is the frisk coupled with the subsequent placing of appellant in the police car which transformed the consensual encounter into a detention and illegal seizure. But for that detention, the police would not have found the cocaine which appellant had in his possession. The trial court erred in not granting appellant's motion to suppress.
Reversed and remanded.
FRANK and THREADGILL, JJ., concur.