571 So.2d 20 (1990)
Jeffrey OTTNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-00068.
District Court of Appeal of Florida, Second District.
July 13, 1990.
James Marion Moorman, Public Defender and Wayne Starr, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Jeffrey Ottney challenges his judgment and sentence resulting from the entry of a plea of no contest for possession of drug paraphernalia and cocaine. Upon entering his plea, Ottney reserved the right to appeal the trial court's order denying his motion *21 to suppress. Ottney alleges that the trial court erred in denying his motion to suppress because the initial stop made by the police was invalid and, thus, the subsequent search and seizure of evidence leading to his conviction was illegal. We agree and reverse because the record does not support a founded suspicion of criminal activity allowing that initial stop.
During the hearing on Ottney's motion to suppress, a deputy testified that he was on foot patrol and that based on the following observations he felt he had a founded suspicion of criminal activity justifying the temporary stop of Ottney. The deputy observed a situation where every ten or fifteen seconds, someone in an automobile would drive up and stop at the front of a duplex and shut off the car lights. The occupants of the car would not exit the vehicle, however, one of the people standing in the front of the duplex would approach the window of the car. The deputy admitted that, from his position, he was unable to observe anything being exchanged other than conversation. Thereafter, the car's headlights would then go on and the vehicle would drive off. Further, to the officer's credit, he candidly testified that he never saw appellant approach any of the cars that stopped in front of the duplex or participate in any other act relating to the activities involving the vehicles other than merely being a member of a group of people peaceably assembled near the duplex apartment.
A law enforcement officer may temporarily detain a person if the officer has a founded suspicion that the person has committed, is committing, or is about to commit a crime. § 901.151, Fla. Stat. (1985); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Simons, 549 So.2d 785 (Fla. 2d DCA 1989). The evidence presented at the hearing does not support the deputy's belief of a well-founded suspicion of criminal activity justifying the temporary detention of the appellant.
Recently, this court held that an officer did not have founded suspicion under circumstances similar to the instant case. Martin v. State, 521 So.2d 260 (Fla. 2d DCA 1988). In Martin, the officer testified that the defendant was in an area known for drug transactions, in the company of known drug dealers. The officer observed the defendant walk back and forth from a porch to a vehicle on the street, and eventually the defendant got into the back seat of the vehicle. Upon the approach of the officer, the vehicle started to leave. The defendant was not observed exchanging anything with the occupants of the vehicle. See also Mosley v. State, 519 So.2d 58 (Fla. 2d DCA 1988).
In comparison, the officer in this case had fewer factors to base his suspicion on than the officer in Martin. Appellant was not seen approaching any of the cars that stopped in front of the duplex. Therefore, the only observation that the deputy could base his suspicion of criminal activity on was the fact of appellant's presence in a high crime area, wherein, others were engaged in suspicious activity.
Where the initial detention is invalid, all that flows from it is also illegal; thus, the subsequent arrest and seizure are invalid. As a consequence the items of evidence should have been suppressed. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1968).
Appellant also raises the issue of whether the trial court erred by imposing a fine, plus costs and attorney's fees without notice and an opportunity to be heard. This issue is moot in view of our decision finding error in denying appellant's motion to suppress and our order reversing and setting aside the judgment and sentence herein. However, we would note that while a trial court cannot impose costs on an indigent defendant without prior notice and an opportunity to be heard, see Wood v. State, 544 So.2d 1004 (Fla. 1989); Mays v. State, 519 So.2d 618 (Fla. 1988); Jenkins v. State, 444 So.2d 947 (Fla. 1984), it may impose a fine on the defendant as part of the defendant's sentence. § 775.083, Fla. Stat. (1985); Nash v. State, 434 So.2d 33 (Fla. 2d DCA), review denied, 438 So.2d 833 (Fla. 1983).
*22 We reverse appellant's judgment and sentence and remand with instructions that an order be entered granting appellant's motion to suppress and for further proceedings consistent with this opinion.
SCHEB, A.C.J., and HALL, J., concur.