LEHAN, Judge.
We reverse the trial court’s denial of defendant’s motion to suppress cocaine found by a police officer during a patdown of the defendant.
The patdown was conducted following a stop of defendant by the arresting officer, not, as the trial court found, during a mere consensual encounter, because, as the officer testified, defendant was not free to leave. See Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); Bostick v. State, 554 So.2d 1153 (Fla.1989). *859 To validate the stop it was necessary for the officer to have had a founded suspicion that a crime was committed, was being committed, or was about to be committed. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). See also Bostick, 554 So.2d at 1156. No such suspicion existed, as the trial court also found. The record merely indicates that the defendant, who was in “a cocaine area,” had his hands in his jacket pockets with his left hand appearing bigger than his right and had been speaking with a white male in a truck who left when the officer approached. See Martin v. State, 521 So.2d 260 (Fla.2d DCA 1988); Mosley v. State, 519 So.2d 58 (Fla.2d DCA 1988).
Nor was the cocaine admissible by reason of its having been abandoned by defendant. The officer testified that the defendant dropped the cocaine to the ground while the officer was conducting the patdown. See Wallace v. State, 540 So.2d 254 (Fla.4th DCA 1989); State v. Oliver, 368 So.2d 1331 (Fla.3d DCA 1979).
Reversed and remanded for proceedings consistent herewith.
RYDER, A.C.J., and CLAIRE K. LUTEN, Associate Judge, concur.