570 So.2d 433 (1990)
Curtis Louis JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1552.
District Court of Appeal of Florida, Fifth District.
November 29, 1990.
James B. Gibson, Public Defender, and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Judy Taylor Rush, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a conviction for possession of drugs and appellant cites as error an order denying his motion to suppress. Appellant was charged with possession of cocaine and loitering and prowling. After he filed a motion to suppress, a hearing was held and the trial court denied his motion. He pled nolo contendere to the possession charge reserving his right to appeal the court's ruling on his motion to suppress. The state nolle prossed the loitering and prowling charge. The trial judge accepted appellant's plea and he was adjudicated guilty of possession and sentenced to serve a term of three and one-half years.
At the suppression hearing, Police Officer David Ellison testified that he was on patrol in the area of Second Avenue and Rose Street in Daytona Beach. Ellison observed *434 appellant walking in a northwesterly direction along the east side of a closed grocery store off of Second Avenue. He characterized the area, an area where people regularly congregate at night, as a high crime district where drug dealing is common. In fact, the grocery store had been burglarized and robbed in the past.
When Ellison pulled up to the alleyway between the grocery store and another business, appellant walked to a phone booth and stopped. He then walked away and started down the alleyway between the businesses. Ellison, suspicious, asked appellant to stop and talk to him; appellant did so but remained at a distance. He was nervous and appeared to have a clear plastic baggie clenched in his hand. Ellison was unable to observe the contents inside of the bag. Based on his years of experience, however, he was aware that drugs are very often carried in clear plastic baggies. Appellant advised Ellison that he lived on the next street over and that he was waiting for a friend. Ellison asked appellant if he had any identification; appellant said he did not.
Ellison exited his patrol car, walked up to appellant and told him that he would like to pat him down. He testified that appellant was free to go at this point. Other than the fact that appellant was nervous, Ellison saw nothing that suggested that he might be carrying a weapon. Appellant initially stepped away but then reached out, pushed Ellison and fled. Ellison, whose hands were at his side, fell to the ground and was unable to stop appellant. Officer Jody Palermo, who was observing the scene from across the street, pursued appellant on foot while Ellison pursued him in his car. Palermo eventually apprehended appellant and conducted a search incident to arrest.
At the conclusion of the hearing, the trial judge denied appellant's motion to suppress. The judge found that the officer had the right to question appellant but that under the factual circumstances present, he did not have the right to stop and frisk him or to detain him. He found further that under ordinary circumstances, anything found would have been suppressed. He found finally that although the officer also had the right to ask appellant if he could pat him down, appellant did not have the right to shove the officer. We agree that this is where appellant made a critical mistake.
Under the facts of this case, Officer Ellison was not initially justified in stopping appellant. The law states that a police officer may temporarily detain a person for the purpose of ascertaining his or her identity if the officer believes that the person has committed, is committing or is about to commit a criminal offense. § 901.151(2), Fla. Stat. (1989). Mere or bare suspicion does not give rise to the founded suspicion required under the statute. Richardson v. State, 291 So.2d 253 (Fla. 1st DCA), cert. den., 297 So.2d 29 (Fla. 1974). See also State v. Kehoe, 498 So.2d 560 (Fla. 4th DCA 1986), approved, 521 So.2d 1094 (Fla. 1988); Coleman v. State, 333 So.2d 503 (Fla. 4th DCA), cert. den., 342 So.2d 1103 (Fla. 1976). A founded suspicion is a suspicion which has a factual foundation in those circumstances seen by the officer and interpreted in light of his knowledge. McCarthy v. State, 536 So.2d 1196 (Fla. 4th DCA 1989).
The fact that a person is merely in a known drug area is an insufficient basis to constitute a founded suspicion. G.J.P. v. State, 469 So.2d 826 (Fla. 2d DCA 1985). See also Jordan v. State, 544 So.2d 1073 (Fla. 2d DCA 1989); Morris v. State, 519 So.2d 706 (Fla. 2d DCA 1988). Flight from an officer in a high crime area is also insufficient to give rise to a founded suspicion. Cobb v. State, 511 So.2d 698 (Fla. 3d DCA 1987). See also Gipson v. State, 537 So.2d 1080 (Fla. 1st DCA 1989); Bastien v. State, 522 So.2d 550 (Fla. 5th DCA 1988). Even suspicious movements combined with flight from an officer are insufficient. Ruddack v. State, 537 So.2d 701 (Fla. 4th DCA 1989). Finally, an officer's gut suspicion that a person may be engaged in criminal activity is also not enough. Daniels v. State, 543 So.2d 363 (Fla. 1st DCA 1989).
In this case, appellant was illegally detained and a reasonable person in his situation would have believed that he was *435 not free to leave. See United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). The state argues that the officer in this case was not required to have a founded suspicion because the encounter between appellant and the officer was a street encounter. Although Officer Ellison may have initially engaged appellant in a permissible police encounter, the encounter was escalated into an investigatory stop when the officer attempted to pat him down. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). See also Murtha v. State, 547 So.2d 205 (Fla. 3d DCA 1989). The stop was not justified, however, because of the absence of the necessary founded suspicion of criminal activity. Mosley v. State, 519 So.2d 58 (Fla. 2d DCA 1988). Where the detention is illegal, any evidence seized in a subsequent pat down is invalid and should be suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). See also Baggett v. State, 531 So.2d 1028 (Fla. 1st DCA 1988).
The problem in this case arises, however, because appellant committed a battery upon Officer Ellison. It is therefore necessary to determine whether appellant's use of force under the circumstances of this case was justified. It is well established that an officer may only frisk or pat down an individual incident to an investigatory stop when he has probable cause to believe that the individual is armed with a dangerous weapon. § 901.151(5), Fla. Stat. (1989); Thomas v. State, 533 So.2d 861 (Fla. 2d DCA 1988). Where the officer testifies that he had no reason to believe that the person was armed, the search is invalidated. Id., 533 So.2d at 862. In the present case, Officer Ellison testified that he did not have reason to believe that appellant was carrying a weapon. Under ordinary circumstances, the search in this case would be invalidated.
The law further states that a person is not justified in using force to resist an arrest where it is reasonably believed that the person making the arrest is a law enforcement officer. § 776.051(1), Fla. Stat. (1989). This is true even if the arrest is technically illegal. Lowery v. State, 356 So.2d 1325 (Fla. 4th DCA 1978) (although defendant argued that warrantless arrest invalid because misdemeanor not committed in officer's presence, conviction upheld because courtroom is proper place to contest arrest rather than street). See also K.G. v. State, 338 So.2d 72 (Fla. 3d DCA 1976), cert. den., 352 So.2d 172 (Fla. 1977).
In Meeks v. State, 369 So.2d 109 (Fla. 1st DCA 1979), the district court, citing to section 784.07, Florida Statutes [reclassifies offense when person knowingly commits battery upon a law enforcement officer while the officer is engaged in the lawful performance of his duties] held that a person is not justified in committing a battery upon a law enforcement officer to resist an unlawful arrest. District courts, including this court, have consistently followed Meeks. See Manuel v. State, 526 So.2d 82 (Fla. 4th DCA 1987), rev. den., 520 So.2d 585 (Fla. 1988); Silas v. State, 495 So.2d 1241 (Fla. 5th DCA 1986); Delaney v. State, 489 So.2d 891 (Fla. 1st DCA 1986); K.L.D. v. State, 476 So.2d 762 (Fla. 3d DCA 1985). See also Carwise v. State, 454 So.2d 707 (Fla. 1st DCA 1984) (evidence from which jury could find that appellant's battery upon law enforcement officer provided independent grounds for his arrest before officer indicated any intention to arrest appellant).
The issue of whether the law enforcement officer was acting in the lawful performance of his duties is a question of fact. State v. Gilchrist, 458 So.2d 1200 (Fla. 5th DCA 1984). Because appellant's battery upon Officer Ellison was illegal, it necessarily follows that the evidence seized was seized incident to a lawful arrest.
Evidence seized incident to a lawful arrest is admissible, Curry v. State, 532 So.2d 1316 (Fla. 1st DCA 1988); State v. Gonzalez, 507 So.2d 772 (Fla. 3d DCA 1987), and the fact that the officer was mistaken as to the proper reason is not critical. Scott v. United States, 436 U.S. 128, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978); Padron v. State, 449 So.2d 811 (Fla. 1984); *436 State v. Blanco, 513 So.2d 739 (Fla. 3d DCA 1987).
AFFIRMED.
W. SHARP and GOSHORN, JJ., concur.