579 So.2d 306 (1991)
Eddie SHACKELFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 89-03522.
District Court of Appeal of Florida, Second District.
May 8, 1991.
*307 Ronald N. Toward, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Elaine L. Thompson, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Eddie Shackelford pleaded no contest to possession of cocaine, a third-degree felony, and resisting arrest without violence, a first-degree misdemeanor, reserving the right to appeal the denial of his motion to suppress. We reverse the order denying suppression and find that the cocaine was seized as a result of an illegal detention.
Clearwater Police Officer Thompson, an experienced undercover narcotics detective, noticed the appellant in an area known for street level drug sales wave to a vehicle that was slowly driving by. The car stopped, and the appellant leaned toward the passenger window and reached inside. Thompson did not see an exchange, although he had seen the appellant engaging in similar activity before. Thompson also knew the appellant from occasions when Thompson purchased drugs undercover from another defendant. The appellant was present during these transactions, but, as Thompson admitted on cross-examination, the appellant did not participate in the transactions.
Three uniformed officers in a marked patrol car responded to Thompson's call identifying the appellant as a suspected drug dealer. They tried to head the appellant off as he was driving his bicycle, but the appellant eluded them by weaving back and forth. When Officer Quinlan ordered him to stop, the appellant kept going. The three officers chased him on foot finally catching him. Prying open his hand, they found a baggie containing a trace of cocaine.
Section 901.151(2), Florida Statutes (1987), authorizes a temporary detention when an officer has reasonable suspicion to believe the person has committed, is committing, or is about to commit a crime. A stop is not warranted solely upon an officer's observation of a black male in a highcrime district leaning into the window of a white man's car stopped in the middle of the street who walks away upon seeing an officer approach. Winters v. State, 578 So.2d 5 (Fla. 2d DCA 1991). Nor is a stop warranted where the defendant engages in such activity while in the presence of known drug dealers. See Hill v. State, 561 So.2d 1245 (Fla. 2d DCA 1990); Martin v. State, 521 So.2d 260 (Fla. 2d DCA 1988); Mosely v. State, 519 So.2d 58 (Fla. 2d DCA 1988). Thus, the fact that the appellant had merely been present at other drug transactions does not raise the basis for the officers' suspicion to the level required for detention under the stop and frisk law.
Given that the appellant's initial detention was invalid, evidence flowing from it was tainted. See Ottney v. State, 571 So.2d 20 (Fla. 2d DCA 1990). Even if the initial detention were valid, however, the seizure of the cocaine exceeded the permissible scope of a search under section 901.151(5), Florida Statutes (1987). Under this subsection a police officer is authorized to search only to the extent necessary to disclose a weapon where there is reasonable suspicion that the detainee is armed with a dangerous weapon. See State v. Webb, 398 So.2d 820, 825 (Fla. 1981). There was no evidence to show that police had reason to believe that the appellant's closed fist contained a dangerous weapon. We therefore find that the search and seizure of the cocaine was illegal and should be suppressed.
Our determination that the appellant's detention was illegal also disposes of *308 the conviction for resisting arrest without violence. Flight accompanied by knowledge of an officer's intent to detain does not constitute obstruction of justice absent an officer's well-founded suspicion to detain the defendant. F.E.C. v. State, 559 So.2d 413 (Fla. 2d DCA 1990).
Reversed and remanded.
CAMPBELL, A.C.J., and PATTERSON, J., concur.