COBB, Judge.
The appellant, Marvin B. King, appeals his conviction of unlawful possession of a controlled substance with the intent to sell or deliver. King’s factual statement of the case, which is not disputed by the state, is set forth in his brief:
Appellant, Marvin B. King, was charged by information with the unlawful possession of a controlled substance with the intent to sell or deliver. Appellant filed a motion to suppress evidence seized from his person in a warrantless search conducted by law enforcement officers. The basis for violation of the Appellant’s rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, Section 12 of the Florida Constitution. A hearing on the Motion to Suppress was held before the Honorable Robert R. Perry, in the Circuit Court for Putnam County, on August 16, 1990. The motion was denied.
At the motion hearing an undercover police officer testified that he observed two black males exchanging something for money. The officer assumed this was a drug transaction and radioed two detectives for assistance. The first officer provided the location and a general description of the subject which included his race and the type of shirt and hat the subject was wearing. He advised the detectives that the subject had placed money in his pocket and another unidentified item in the front portion of his pants. The officer did not know if any drugs had been exchanged at this time.
Detectives Grayer and Whaley subsequently located the given address and observed two black males walking down the street, one of whom wore a cap and shirt similar to that which the first officer had described. Detective Grayer exited the vehicle, approached Appellant and advised him that he believed Appellant was in possession of drugs. At this time Detective Grayer had Appellant up against the vehicle and proceeded to remove a match box from the front pocket of the Appellant’s pants. Inside the match box the detective found six drops believed to be crack cocaine, which were confiscated and taken in for inspection. Subsequently, the Appellant was placed under arrest for possession of a controlled substance with the intent to sell.
The arresting officers never observed the Appellant engaged in any type of transaction. After the arrest, the first officer never went to the scene or informed the detectives if the subject who was arrested was in fact the individual described in their radio communication.
Appellant pled no contest to the charge, reserving the right to appeal the denial of the motion to suppress at a plea hearing held August 29, 1990, before the Honorable Robert R. Perry. During the proceedings held September 18,1990, Appellant was sentenced to two years of community control, conditioned on fifty- *326 one weeks in jail. A notice of appeal was timely filed. This appeal follows.
Based upon these facts, we find that there was an insufficient basis for a Terry stop[1] of the defendant by the arresting officer. See Jones v. State, 570 So.2d 433 (Fla. 5th DCA 1990).
REVERSED.
DAUKSCH and GRIFFIN, JJ., concur.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).