PER CURIAM.
The appellant, Edward Turner, Jr., challenges the judgment and sentence imposed upon him after he pled nolo contendere to possession of a controlled substance and reserved his right to appeal the denial of his motion to suppress the evidence seized from him. We reverse.
The appellant, after being charged with the crime of possession of a controlled substance, i.e., cocaine, filed a motion to suppress the cocaine on the ground that it was obtained from him as the result of an illegal search and seizure.
Evidence presented at the suppression hearing established that two Clearwater police officers stopped the appellant after observing him cross some railroad tracks while holding a can of malt liquor. After stopping the appellant, the officers did not ask him about the can, but instead inquired about a white paper towel crumpled up in his other hand. One officer reached for the towel and took it without asking permission. The officer shook the towel and a piece of rock cocaine fell out.
The trial court denied the appellant’s motion to suppress. The appellant then pled nolo contendere to the charge and reserved the right to appeal the denial of his motion. The appellant then filed a timely notice of appeal from the judgment and sentence imposed upon him as a result of his plea.
*855 We agree that the officers had the authority to stop and detain the appellant after seeing him with the can of malt liquor which led them to believe that he was violating a city ordinance concerning open liquor containers in public. § 901.151, Fla. Stat. (1989). The officers did not, however, have the right to search the appellant after they stopped him. A search incident to an investigatory stop may only be conducted if an officer has probable cause to believe the person stopped is armed with a dangerous weapon. § 901.151; Thomas v. State, 533 So.2d 861 (Fla. 2d DCA 1988). In this case, there was no evidence presented to establish the necessary probable cause. The evidence was, therefore, illegally obtained and should have been suppressed.
We, accordingly, reverse and remand with instructions to discharge the appellant on this charge.
SCHOONOVER, C.J., and HALL and PATTERSON, JJ., concur.