LEHAN, Judge.
In this prosecution for carrying a concealed firearm, we reverse the denial of defendant’s motion to suppress a gun found on him during a search under the following circumstances.
An officer testified that he had observed a group of black males standing together in an area known for drug trafficking. One of the individuals, according to the officer, would leave the group and approach a car, make contact with a person in the ear, and then walk away. The officer could not identify that individual as the defendant. Based upon those observations, additional officers approached the group and conducted a pat-down search of each member of the group. The officer who searched defendant and found the gun testified that he did not see in the group anyone with weapons or anything that looked like a weapon. He testified that the officers searched everyone in the group because a shooting had occurred in that area the night before.
The stop of defendant was illegal because the officers did not have a founded suspicion that a crime had been committed or was about to be committed. See Stevenson v. State, 565 So.2d 858 (Fla. 2d DCA 1990); Jordan v. State, 544 So.2d 1073, 1074 (Fla. 2d DCA 1989). In addition, the pat-down search was illegal because the officer who searched defendant did not have a reasonable belief that defendant was armed. See Daniels v. State, 543 So.2d 363 (Fla. 1st DCA 1989).
Reversed and remanded for proceedings consistent herewith.
DANAHY, A.C.J., and PARKER, J„ concur.