BLUE, Judge.
Valentino Henry pled no contest to possession of cocaine, reserving the right to appeal the denial of his motion to suppress. We agree the cocaine was seized as a result of an illegal detention and reverse.
This case involves a confidential informant and an undercover officer purchasing cocaine from a third individual, Duane Mitchell. During a telephone conversation with the undercover officer, Mitchell was overheard conferring with an unknown person. When the participants met at the agreed sale site, Henry and Mitchell approached the officer together. While a conversation took place between Mitchell and the undercover officer, Henry stood at the front of the ear across from them. Henry was not involved in their conversation. After a few minutes, Mitchell told Henry to go back to the car. Henry left and was close to his car when he stopped on the sidewalk and looked around for about a minute. He was about 150 to 225 feet away from the sale when it occurred. When the police began to arrest Mitchell, and Mitchell ran off, Henry stood and watched. Henry did not run when the officers began to arrest him as a principal to the sale of cocaine. The officers’ search of Henry revealed a bottle which contained cocaine residue.
Although the trial court’s order is clothed with a presumption of correctness, *287 we conclude that the above facts did not constitute probable cause to arrest Henry. The facts could show Henry was an uninvolved bystander as easily as they could show he was a lookout for the cocaine sale. The unknown person in the background of Mitchell’s telephone call was never identified as Henry and so this factor contributes nothing to the establishment of probable cause for Henry’s arrest. In addition, Henry’s presence at the sale site, without the officers’ observing some actual participation, is insufficient to justify even an investigatory stop. See Shackelford v. State, 579 So.2d 306 (Fla. 2d DCA 1991); Martin v. State, 521 So.2d 260 (Fla. 2d DCA 1988); Mosley v. State, 519 So.2d 58 (Fla. 2d DCA 1988).
There was no probable cause to arrest Henry and therefore, the motion to suppress the cocaine should have been granted. Accordingly, we reverse Henry’s conviction and remand with instructions to discharge Henry for this offense.
FRANK, C.J., and CAMPBELL, J., concur.