FRANK, Chief Judge.
Jimmy Long, reserving his right to appeal, pleaded no contest to possession of cocaine. He contends the trial court should have granted his motion to suppress the cocaine seized following a stop of his vehicle. We agree.
A drug trafficker, well known to the authorities, attracted Pinellas County Sheriffs Deputies to the parking lot of a Home Depot. The police had earlier observed the dealer acting suspiciously. Upon arriving at the parking lot the officers watched the trafficker park his car and walk towards the Home Depot while “scanning the whole parking lot.” When an RX-7 pulled up, the trafficker entered it. The RX-7 circled the parking lot and its driver, subsequently identified as Long, stopped behind the trafficker’s vehicle. When the trafficker exited Long’s RX-7, the officers noticed “an out of the ordinary big bulge” in his pants pocket. Convinced that a narcotics transaction had occurred, the officers followed Long out of the parking lot and stopped him. Incident to the detention, the officers searched Long’s car and found two baggies of powdered cocaine.
The events leading to the stop did not give rise to a well founded or reasonable suspicion of criminal activity. None of the officers who testified at the suppression hearing observed an exchange of money or drugs, or noted anything other than the “bulge” in the trafficker’s pocket. No officer could articulate a reasonable basis, independent of Long’s acquaintance with a known narcotics merchant, for the conclusion that *983 Long had just committed a crime. Long’s presence in the company of an identified drug trafficker would likely inspire speculation as to their mutual objectives, but mere association with a recognized dealer, without more, will not justify an investigatory stop. See Shackelford v. State, 579 So.2d 306 (Fla. 2d DCA 1991); Mosley v. State, 519 So.2d 58 (Fla. 2d DCA 1988). The officers’ interception of Long’s vehicle without a reasonable basis taints all that occurred thereafter.
Accordingly, we reverse and remand.
CAMPBELL and PARKER, JJ., concur.