PER CURIAM.
Charlie McCray appeals his conviction of possession of cocaine. He contends the trial court erred in denying his motion to suppress the cocaine. We agree and reverse.
At the hearing on McCray’s motion to suppress, Deputy Maurer testified that he first saw McCray, a young black male, at 8:30 p.m. in a vehicle in the area of a motel that law enforcement had under surveillance for suspected drug activity. Maurer ran the vehicle’s tag number and obtained registration information, as well as a physical description of the vehicle’s owner. The owner was a white female in her 40’s.
Maurer saw McCray again approximately thirty minutes later and pulled out to make a traffic stop. Due to oncoming traffic, however, he could not get across the highway immediately. While waiting for traffic, Maurer observed McCray make an abrupt left turn into the motel without using a turn signal. Upon stopping McCray, Maurer learned that he was driving with a suspended license and arrested him. A search of the vehicle incident to that arrest produced cocaine.
The prosecutor asked Maurer if he stopped McCray because of the traffic infraction or if he had already made up his mind to stop McCray. Maurer responded that he stopped McCray because of “[a] combination of events. The, um, suspected confirmed drug activity; the fact that, um, he came out of that area; he was driving a ear that was not registered to him.”
Mere presence in a high crime area is not sufficient to provide the founded suspicion of prior, present, or imminent criminal activity necessary to support a stop. Mosley v. State, 519 So.2d 58 (Fla. 2d DCA 1988). Particularly insufficient and abhorrent as a purported basis for founded suspicion is the bare fact of a young black male driving a vehicle registered to a white female older than he.
The cocaine found during the search incident to McCray’s arrest should have been suppressed because there was no founded suspicion to support the stop of McCray which led to that arrest. Accordingly, we reverse McCray’s conviction and sentence for possession of cocaine and remand with directions that he be returned to the community control he was serving at the time of his arrest. We do not address McCray’s remaining point on appeal as it has been rendered moot by our resolution of the suppression issue.
Reversed and remanded with directions.
FRANK, C.J., and PATTERSON and LAZZARA, JJ., concur.