PER CURIAM.
This proceeding is before the court on the State’s petition for writ of certiorari from the trial court’s order suppressing evidence. We grant the writ and reverse.
On the morning of March 31,1993, Officers Nina Protonotarious and Michael Clark of the Jacksonville Sheriffs Office were on patrol in Duval County. The officers stopped a rental car driven by Richard Abrams, whom they knew did not possess a driver’s license. Respondent Y.B., a juvenile, was a passenger in the car. Following Abrams’ arrest for his traffic offense, Protonotarious approached the passenger side of the car to make certain that Y.B. did not have any weapons; Y.B. opened the door and looked up, and Protono-tarious asked Y.B. his name. Y.B. responded, but Protonotarious could not understand the response, so she asked Y.B. to repeat his name. He did and, again, she could not understand him. Protonotarious then asked Y.B. if he was chewing gum. Y.B. said he was and started playing with it. Protonotarious asked him to stop playing with the gum and to take the gum out of his mouth. When Y.B. opened his mouth to remove the gum, Protonotarious observed several plastic baggies in his mouth. She then asked Y.B. to take out the baggies, which he did by spitting out the contents of his mouth. Protonotarious observed what appeared to be crack cocaine in the baggies and arrested Y.B.
Y.B. subsequently filed a motion to suppress the evidence leading to his arrest. The trial court granted the motion, finding there was no reasonable basis requiring Y.B. to answer any questions or open his mouth in any way. Further, the trial court found the stop of the car did not provide probable cause to search the mouth of passenger Y.B. The State pursued its appeal through this petition for writ of certiorari.
We find the trial court’s order suppressing evidence was departure from a clearly-established principle of law resulting in a miscarriage of justice. See State v. Pettis, 520 So.2d 250, 254 (Fla.1988) (quoting Combs v. State, 436 So.2d 93, 96 (Fla.1983)); see also, Chicken ’N Things v. Murray, 329 So.2d 302 (Fla.1976). Y.B.’s motion to suppress should have been denied because the facts of this case demonstrate the contraband was obtained as a result of a permissible police-citizen encounter. Officer Protonotarious had the legal right to ask Y.B. his name and ask him to remove whatever was in his mouth that was keeping him from communicating with her. See Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); INS v. Delgado, 466 U.S. 210, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984); see also, Hill v. State, 561 So.2d 1245 (Fla. 2d DCA 1990). Likewise, Y.B. had the legal right to decline Protonotarious’ requests at any time and terminate the encounter. Bostick, supra; Roy-er, supra. Here, Y.B. voluntarily opened his mouth to remove the gum, allowing Protono-tarious to observe the baggies inside. After Y.B. spit out the baggies pursuant to Officer Protonotarious’ request, she had probable cause to arrest him.
For the foregoing reason, we grant the writ, and REVERSE and REMAND for further proceedings.
BOOTH, MICKLE and LAWRENCE, JJ., concur.