714 So.2d 644 (1998)
D.G., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2882.
District Court of Appeal of Florida, Fourth District.
July 29, 1998.
*645 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
STONE, Chief Judge.
We reverse Appellant's adjudication of delinquency for possession of cannabis. The trial court erred in denying Appellant's motion to suppress where the record reflects that the arresting officer did not have a founded suspicion for detaining Appellant and his companions.
The officer was driving home at the end of his shift when he observed three juveniles run across the street toward a fire station adjacent to a playground where juveniles often "hang out." When the juveniles reached the station, they stood together, at least two of them with their backs against the wall. The officer pulled into the parking lot of the station and ordered them to come over to him. All three juveniles complied. As he asked them what they were doing, he smelled an odor of marijuana. He leaned over to smell each boy individually and shined his flashlight into their eyes. Noticing their eyes were glassy, he asked whether they had been smoking marijuana. They responded that they had not. Without more, the officer conducted a pat-down search. He found a baggie of marijuana in D.G.'s right front pocket.
The officer testified that he conducted the investigation because he was suspicious that the three juveniles might be loitering or prowling. The officer believed that they were concealing themselves against the building, but acknowledged that he did not know whether the juveniles had observed him driving down the street. He acknowledged that it was not uncommon for people to be in that location at that time of night. He also agreed that the juveniles were not committing any offense by running across the street.
The trial court denied the motion to suppress, finding:
I don't find that the defense has adequately rebutted the officer's testimony that at least two of the juveniles were standing up against the wall in the shadows at 10:13 at night. And I do feel that the officer did have reasonable or well-founded suspicion to believe that criminal activity may be underfoot.
Section 856.021, Florida Statutes, makes it illegal "for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable *646 alarm or immediate concern for the safety of persons or property in the vicinity." Here, the area was one where it was not uncommon for people to be at that time of night. But for the suspects standing with their back to the wall, the arresting officer had nothing more than a hunch or mere suspicion of criminal activity. See Waddell v. State, 652 So.2d 917 (Fla. 4th DCA 1995) (officer did not have founded suspicion where he observed two black males on foot involved in some type of exchange with white male seated in a truck, but he did not see anything more than their arms moving); McCarthy v. State, 536 So.2d 1196 (Fla. 4th DCA 1989) (officer did not have a founded suspicion where he observed the defendant entering and exiting an apartment he was surveilling based on an anonymous tip); Jones v. State, 570 So.2d 433 (Fla. 5th DCA 1990) (officer did not have a founded suspicion of loitering or prowling where he observed defendant walking beside a closed grocery store which had been burglarized in the past and which was located in a high crime area where people regularly congregated at night); see also M.J.S. v. State, 620 So.2d 1080 (Fla. 2d DCA 1993)
We conclude that, on these limited facts, the officer's subjective belief that the juveniles were concealing themselves did not furnish a factual basis for a well-founded suspicion. Jones, 570 So.2d at 434 (stating that a founded suspicion is a suspicion with a factual foundation in the circumstances seen by the officer and interpreted in light of the officer's knowledge). The circumstance that three juveniles run across a street, at a time when it is not uncommon to see such conduct, and hang out at a location where there is no reason to suspect criminal activity, even if two or three were seen standing with their backs to a wall, is not, taken alone, sufficient to constitute loitering and prowling. See B.A.A. v. State, 356 So.2d 304 (Fla.1978); Carter v. State, 516 So.2d 312 (Fla. 3d DCA 1987).
The state does not argue that the circumstances here support a conclusion that the officer had a founded suspicion. Instead, the state contends that the encounter was a consensual encounter in which D.G. was free to leave as opposed to an investigatory stop requiring a founded suspicion. See Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). However, the "encounter" in this case was clearly not consensual, as the officer did not approach the juveniles, nor did he ask whether they minded approaching him to answer some questions. On the contrary, he ordered them to come over to him, using words of compulsion. See Clayton v. State, 616 So.2d 615, 616-17 (Fla. 4th DCA 1993); see also State v. M.J., 685 So.2d 1350 (Fla. 2d DCA 1996).
Appellant having been detained without a founded suspicion prior to the officer uncovering evidence of a crime, the motion to suppress must be granted. We remand for further proceedings consistent with this opinion.
KLEIN and GROSS, JJ., concur.