ALTENBERND, Acting Chief Judge.
Boyd Aycock appeals his judgments for purchase and possession of cocaine. He pleaded nolo contendere, reserving his right to appeal the denial of a dispositive motion to suppress. We reverse because the police officers did not have a founded suspicion of criminal activity justifying the stop.[1]
Officers from the Tampa Police Department observed Mr. Aycock’s car while conducting surveillance of a suspected cocaine dealer. The police had information from a confidential informant that their suspect, Timothy Bunk, was going to sell three ounces of cocaine to the informant in the parking lot of the Barnes & Nobles Bookstore on North Dale Mabry Highway during the late evening hours of February 13, 1998. They had observed Mr. Bunk deliver cocaine to the confidential informant about a Week earlier.
In addition to officers assigned to watch the parking lot, additional officers were assigned to follow Mr. Bunk’s car. Approximately ten to fifteen minutes before he was to sell the cocaine at the bookstore, the police observed him pull into a gas station at the corner of Dale Mabry and West Kennedy Avenue, about one block south of the bookstore. They observed Mr. Bunk’s car pulled up to a black Honda. Mr. Bunk got out of his car and entered *590 the black Honda for about thirty seconds. He then returned to his car and drove away in a southbound direction, away from the bookstore parking lot. The black Honda also pulled out of the gas station and headed north on Dale Mabry.
The officers conducting the surveillance of Mr. Bunk could not see inside the black Honda. They did not see any exchange or observe any suspicious activity on the part of the occupant in the black Honda. Without further investigation, they immediately stopped the Honda and detained its driver, Mr. Aycock, about six blocks north of the gas station. They discovered cocaine on his person, and he admitted that he had purchased the cocaine from Mr. Bunk. Mr. Bunk had not yet been stopped at that time. After he arrived at the bookstore parking lot, he was arrested with several ounces of cocaine in his possession.
The confidential informant in this case had provided no information on Mr. Ay-cock. The police had no information about him until they stopped his car. It is likely that the police suspected Mr. Aycock was Mr. Bunk’s supplier for the expected sale in the parking lot. Nevertheless, they had seen nothing more than Mr. Bunk enter the car for a short time. This was not enough information to support a Terry stop of Mr. Aycoek’s vehicle. See Long v. State, 647 So.2d 982 (Fla. 2d DCA 1994); Martin v. State, 521 So.2d 260 (Fla. 2d DCA 1988).
Accordingly, we reverse and remand with instructions to grant the motion to suppress.
WHATLEY and DAVIS, JJ., Concur.

. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).